**UNITED STATES of America, Appellee,**

v.

**Larry Africanus HUTCHINSON, Appellant.**

No. 90–5192.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1991.

Decided Feb. 22, 1991.

Douglas W. Thomson, St. Paul, Minn., for appellant.

Denise D. Reilly, Minneapolis, Minn., for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Larry Africanus Hutchinson appeals his prison sentence of 97 months imposed by the district court[1] upon his guilty plea to one count of conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841 and 846. Hutchinson argues his sentence should reflect his role as a minimal or minor participant and his acceptance of responsibility. We affirm.

Hutchinson was charged in a 46 count superseding indictment. In Count 2 he was charged with aiding and abetting others in an attempt to possess and distribute twenty kilograms of cocaine. In Count 3, he was charged with carrying a loaded 9mm semi-automatic pistol during the attempt to possess the cocaine. In Count 32, he was charged with conspiring with others to possess with intent to distribute five kilograms or more of cocaine.

Hutchinson entered into a plea agreement with the government in which he admitted that he conspired with others to distribute five kilograms or more of cocaine. The other two counts were dropped even though Hutchinson had admitted that he possessed a gun at the time the twenty kilogram transaction of cocaine took place. If the gun count had not been dropped, Hutchinson would have been exposed to a mandatory five-year sentence consecutive to any sentence that he would receive as a result of the possession of the drugs. *See* 18 U.S.C. § 924(c) (1988).

Hutchinson's plea agreement also limited the total offense conduct to between 3.5 and 5 kilograms of cocaine and set the base offense level at 30.[2] The agreement left

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

2. In the presentence investigation report (PSI), the probation office calculated the offense level

any adjustment for Hutchinson's role in the offense to the court's discretion, and provided that if the terms of the agreement concerning Hutchinson's cooperation were met, the government would recommend an acceptance-of-responsibility adjustment. The presentence investigation report (PSI) recommended an adjustment for acceptance of responsibility.

At sentencing, Hutchinson argued that he was entitled to a reduction of his offense level for his role as a minimal or minor participant. The government objected to any reduction for role in the offense. Noting its knowledge "through hearing testimony in two trials," the court denied the adjustment. Based on a total offense level of 30 and a sentencing range of 97–121 months, the court sentenced Hutchinson to 97 months imprisonment. The government then asked the court to consider an adjustment for acceptance of responsibility pursuant to the agreement, which would result in a sentencing range of 78–97 months. The court amended its determination of the total offense level to 28, reviewed the change, and determined that the sentence would remain at 97 months.

On appeal, Hutchinson argues that the district court clearly erred in not giving him a reduction of 2–4 levels as a minimal or minor participant in the offense, and that the court failed to provide a particularized factual basis for disallowing this adjustment. He further argues he was entitled to a sentence at the lower end of the sentencing range because he otherwise would be denied any benefit from the belated reduction for acceptance of responsibility.

■ A sentencing court's conclusion that a defendant is not a minimal or minor participant is a factual determination which is reviewed under a clearly erroneous standard. *United States v. Foote*, 898 F.2d 659, 668 (8th Cir.1990). Based on the stipulated quantity of cocaine involved and Hutchinson's participation throughout the whole transaction as reported in the PSI, we do not believe the court's finding was clearly erroneous. *See United States v. Phillippi*, 911 F.2d 149, 152 (8th Cir.1990) (quantity of drug, responsibility for delivering and exchanging cash, and personal acquaintance with leader of organization considered in denying adjustment for role in offense); *United States v. Ellis*, 890 F.2d 1040, 1041–42 (8th Cir.1989) (per curiam) (though defendant did not supply drugs, full participation in distribution considered in determining defendant not entitled to adjustment for role in offense).

■ Hutchinson's request that he be sentenced at the low end of the Guidelines range is non-reviewable. *See, e.g., United States v. Ehret*, 885 F.2d 441, 445 (8th Cir.1989) (district court need not state reasons for imposing sentence within Guidelines range if spread of range less than 24 months).

Accordingly, we affirm.

differently. It determined the base offense level for the drug charge was 34. It added two levels for possessing the 9mm pistol during the twenty kilogram transaction, but deducted two points because it stated that the defendant was a minor participant in the criminal activities. It recommended a two-level adjustment for acceptance of responsibility, making the total offense level 32. Because Hutchinson had no prior criminal record, the probation office determined that Hutchinson's guidelines range was 121–151 months. Had Hutchinson been sentenced for all the offenses charged in the superseding indictment, the court also would have been required to impose a five-year mandatory minimum sentence consecutive to the sentence for the drug charges.