UNITED STATES of America, Appellee,

v.

Kevin Ray LAIRD, Appellant.

No. 91–1986.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1991.

Decided Oct. 25, 1991.

---

Alfredo Parrish, Des Moines, Iowa, for appellant.

Lester A. Paff, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Kevin Ray Laird appeals from a final judgment entered in the United States Dis-

trict Court[1] for the Southern District of Iowa finding him guilty, upon a jury verdict, of one count of conspiracy to distribute cocaine, 21 U.S.C. § 846; one count each of possession with intent to distribute cocaine, marijuana, and methamphetamine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). The district court sentenced him to a total of one hundred fifty-seven months, supervised release for four years, and a special assessment of $250.00 dollars. For reversal, appellant argues that the district court erred in denying his motion for a new trial and in applying the sentencing guidelines. For the reasons discussed below, we affirm the judgment of the district court.

## Facts

Appellant was arrested on November 30, 1990, after he sold cocaine to an undercover officer in a convenience store parking lot. In a search of appellant's truck, officers found a .25 caliber semi-automatic handgun and a gray toolbox containing methamphetamine, marijuana, and other drug paraphernalia. Following his arrest, appellant identified his drug source as Olan William Jeffrey and agreed to, and did in fact, wear a wire to his meeting with Jeffrey.

Appellant pled not guilty and an attorney was appointed to represent appellant. Following a jury trial, appellant was convicted on all five counts and sentenced to one hundred fifty-seven months in prison.

Defense counsel did not file a motion for new trial, despite appellant's request. Defense counsel told appellant that an appeal would be fruitless. Eventually, appellant retained new counsel. On March 28, 1991, appellant filed a motion for new trial based on the newly discovered evidence of ineffective assistance of trial counsel. The district court denied this motion as untimely.[2] Appellant appeals this denial of his motion for a new trial as well as his sentence under the sentencing guidelines.

## Motion for New Trial

Appellant claims that the newly discovered evidence of ineffective assistance of counsel requires a new trial. Appellant was convicted on February 8, 1991, and filed his motion for new trial on March 28, 1991. Under Rule 33 of Federal Rules of Criminal Procedure, all motions for new trial must be made within seven days of the verdict except for those based on "newly discovered evidence." At the time of trial, appellant was aware of all of the information upon which the claim of ineffective assistance is based. Thus, the information about the performance of defense counsel was not "newly discovered evidence" within the meaning of Fed. R.Crim.P. 33. *United States v. Lema*, 909 F.2d 561, 566 (1st Cir.1990) (emphasis in original); *see United States v. Holy Bear*, 624 F.2d 853, 856 (8th Cir.1980). We hold therefore that a claim of ineffective assistance of counsel is not newly discovered evidence under Rule 33 when all facts were known to appellant at the time of trial.

We express no opinion on the merits of the ineffective assistance of counsel claim. Appellant may bring such a claim under 28 U.S.C. § 2255.

## Sentence

On April 26, 1991, following a sentencing hearing, the district court sentenced appellant to one hundred fifty-seven months in prison and four years of supervised release. Appellant claims four errors in the application of the sentencing guidelines.

### 1. Acceptance of Responsibility

Appellant claims the district court erred in not reducing his base offense level for accepting responsibility under Section 3E1.1 of the United States Sentencing Guidelines. This court "must give great deference in reviewing a [district] court's determination of acceptance of responsibility." *United States v. Thompson*, 876 F.2d 1381, 1384 (8th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 147 (1989).

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

2. *United States v. Laird,* No. 90–134 (S.D.Ia. Apr. 25, 1991) (order denying motion for new trial).

Accordingly, we will only reverse if the district court's decision was clearly erroneous.

Appellant alleges that he voluntarily terminated his criminal activity, provided truthful admissions, assisted authorities in the recovery of the fruits and instrumentalities of the offense, and wore a body wire to a meeting with his source, Olan Jeffrey.

Despite appellant's allegation, his acceptance of responsibility was equivocal. At one point in the sentencing hearing appellant acknowledged his acceptance of responsibility, but later in the hearing appellant said that he was not responsible because Olan Jeffrey, his source, made him commit the offense. We have reviewed the transcript of the sentencing hearing and hold that the district court did not err in denying appellant a reduction for acceptance of responsibility.

### 2. Mitigating Role

Appellant claims that the district court erred in not considering him either a minor or minimal participant in the criminal activity under Section 3B1.2 of the United States Sentencing Guidelines. The district court's denial of the minor or minimal participant reduction is reviewed by this court under the clearly erroneous standard. *United States v. Foote*, 898 F.2d 659, 668 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 112, 112 L.Ed.2d 81 and — U.S. —, 111 S.Ct. 342, 112 L.Ed.2d 307 (1990).

The district court denied the reduction because appellant initiated the drug transaction with the undercover agent, had previously distributed drugs, and had a weapon to protect himself. Based on the record, the district court's denial of the minor or minimal participant reduction was not clearly erroneous.

### 3. Drug Dependence and Treatment

Appellant argues that the district court erred in denying his motion to depart downward from the applicable guideline sentencing range based on his drug dependence and prospects for rehabilitation. The sentencing guidelines specifically mention that alcohol and drug dependence are not a reason for downward departure.

U.S.S.G. § 5H1.4. "This Court simply is not empowered under 18 U.S.C. § 3742, or any other statute, to review a sentencing court's exercise of its discretion to refrain from departing either upward or downward from the range established by the applicable guideline." *United States v. Evidente*, 894 F.2d 1000, 1004 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Therefore, this court will not review appellant's argument that the district court erred in denying his motion for a downward departure from the guidelines.

### 4. Substantial Assistance and Cooperation

The sentencing guidelines provide for a downward departure if the defendant provided substantial assistance in the investigation or prosecution of another person. U.S.S.G. § 5K1.1. A government motion is a prerequisite for such a departure. Appellant correctly argues that a government motion may not be necessary when the government acts with bad faith or arbitrariness. *United States v. Justice*, 877 F.2d 664, 668–69 (8th Cir.), *cert. denied*, 493 U.S. 958, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989); *see United States v. Smitherman*, 889 F.2d 189, 191 (8th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990). The district court ruled that appellant did not show bad faith on the part of the government. We hold that this ruling is not clearly erroneous. The record shows that appellant would not sign a plea agreement, later refused to offer any assistance to the government, and disputed the facts at trial. Based on these facts, the government did not act in bad faith when it refused to file a motion for downward departure on the basis of substantial assistance.

Accordingly, the judgment of the district court is affirmed.