972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Daniel Paul DERR, Appellant.
United States of America, Appellee,
v.
Richard Orr, Appellant.
 Nos. 91-3814, 91-3813.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 10, 1992.
Filed: August 17, 1992.
 
 Before BEAM, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Daniel Paul Derr and Richard Orr appeal the sentences the district court[1] imposed on them for their drug offense convictions. We affirm.
 
 
 2
 In April 1991, the government charged Derr, Orr, and Michael Ray Ward with one count of aiding and abetting each other in manufacturing methamphetamine, and with one count of conspiring with each other and others to manufacture methamphetamine, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1) & 846. Ward and Derr pleaded guilty to the charges; Orr went to trial, and the jury found him guilty. At his plea hearing, Derr testified that he and Ward were the only ones involved in manufacturing the methamphetamine, and that they had not planned to sell it. He also stated that he thought he was manufacturing something other than methamphetamine, but that it was probably an illegal substance. Derr admitted, however, that he had picked up hydriodic acid, and Orr had retrieved it from him and had transported it to Ward's house. He also agreed that Orr later helped him carry other chemicals from his van to Ward's house, and that he, Orr, and Ward spent the night at Ward's house, during which time he and Ward cooked methamphetamine. The government also produced evidence at Orr's trial that Orr accompanied Ward at a later date to a private mailbox business where Ward picked up and shipped packages of hydriodic acid.
 
 
 3
 Ward, Derr, and Orr were sentenced at one hearing. The court stated that it did not believe Orr was a mere passerby who helped move boxes. It refused to grant Derr a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, because it found Derr had lied to the court during his plea hearing. It also refused to grant Orr a two-level reduction for minor role in the offense. See U.S.S.G. § 3B1.2(b). The court calculated Derr's and Ward's sentencing range at 108 to 135 months, and Orr's sentencing range at 97 to 121 months. The court sentenced Ward and Derr to 115 months imprisonment each. It also sentenced Orr to 115 months imprisonment, stating that it believed Orr was as culpable as his codefendants and that his role had been understated.
 
 
 4
 Derr argues that the court erred in denying him the acceptance-of-responsibility reduction. This court reviews a district court's acceptance-of-responsibility decision only for clear error, United States v. Laird, 948 F.2d 444, 447 (8th Cir. 1991), and gives "due regard to the opportunity of the district court to judge the credibility of the witnesses." 18 U.S.C. § 3742(e). Derr has the burden of proving facts establishing his acceptance of responsibility. United States v. Williams, 905 F.2d 217, 218 (8th Cir. 1990), cert. denied, 111 S. Ct. 687 (1991). Although we agree with Derr that there is no language in section 3E1.1 expressly requiring that a defendant implicate a codefendant to earn the reduction, we note that a defendant's guilty plea and admission of involvement in the offense and related conduct-which is significant evidence of acceptance of responsibility-may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.3). The court found, based on Derr's demeanor and the inherent incredibility of his story, that Derr had lied at his plea hearing about the circumstances of his offense. See, e.g., United States v. Eberspacher, 936 F.2d 387, 389 (8th Cir. 1991) (denial of § 3E1.1 reduction upheld where defendant pleaded guilty but refused to name drug source, bordered on perjuring himself at plea hearing, and tested positive for cocaine awaiting sentencing). Upon our review of the record, we cannot say that the district court clearly erred in denying the acceptance-of-responsibility reduction.
 
 
 5
 We understand Orr to argue that the court erred in denying him the minor-participant reduction, and we reject his argument. We review the denial of the reduction only for clear error. See Laird, 948 F.2d at 447. "[W]here more than one reasonable inference may be drawn from undisputed facts, the court's choice from among supportable alternatives cannot be clearly erroneous." United States v. Rosado-Sierra, 938 F.2d 1, 2 (1st Cir. 1991) (per curiam). It was not unreasonable for the court to infer from this record that Orr's alleged role as an errand-runner was understated and that he was involved in the manufacturing scheme. Even if Orr was not as culpable as Derr and Ward, his lesser culpability would not entitle him to minor-participant status as a matter of law if he was otherwise deeply involved. See United States v. West, 942 F.2d 528, 531 (8th Cir. 1991); see also United States v. Zaccardi, 924 F.2d 201, 203 (11th Cir. 1991) (per curiam) (fact that defendant is least culpable among those actually named as defendants does not establish that he performed minor role in conspiracy). We cannot say that the district court clearly erred in denying the reduction.
 
 
 6
 To the extent Orr also argues that the court mechanically sentenced him within the range, his argument fails. Because we hold that the district court did not err in denying Orr the minor participant reduction, Orr's sentence falls within a Guideline range he does not otherwise challenge. See, e.g., United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam) (sentence not reviewable merely because it is at top of properly calculated Guideline range); United States v. Hutchinson, 926 F.2d 746, 747 (8th Cir. 1991) (per curiam) (defendant's request for sentence at low end of Guideline range not reviewable).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota