**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brian David STOCKSTILL,**
**Defendant–Appellant.**

**No. 93–5570.**

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1994.

Decided June 9, 1994.

---

**ARGUED:** Paul Victor Jorgensen, Middletown, MD, for appellant. Michael Edmund O'Neill, U.S. Dept. of Justice, Washington, DC, for appellee. **ON BRIEF:** William D. Wilmoth, U.S. Atty., Thomas O. Mucklow, Asst. U.S. Atty., U.S. Dept. of Justice, Washington, DC, for appellee.

Before RUSSELL and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.

Affirmed in part and remanded with instructions by published opinion. Senior Judge SPROUSE wrote the opinion, in which Judge RUSSELL and Judge MICHAEL joined.

## OPINION

SPROUSE, Senior Circuit Judge:

Brian Stockstill was convicted of several counts of violating federal narcotics law, including two counts of using a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c). In this appeal, he argues that the evidence was insufficient to support the firearms counts. He also contends that the district court erred in denying his motion for a new trial under Federal Rule of Criminal Procedure 33. The district court, in denying the motion, held that it was time-barred because it was not filed within seven days of the guilty verdict and that the matters forming the basis for Stockstill's ineffective assistance claims were not newly discovered evidence qualifying for the extended time period allowed by the rule. We affirm Stockstill's § 924(c) firearms convictions, but remand to the district court with

instructions to treat his Rule 33 motion as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and to develop a record so as to evaluate his ineffective assistance of counsel claims under the criteria set forth in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

## I

After a jury trial in the Northern District of West Virginia, Brian Stockstill was convicted of three counts of distributing marijuana within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860, two counts of using a firearm in the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c),[1] one count of distributing cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860, one count of possessing cocaine in violation of 21 U.S.C. § 844, and one count of possessing marijuana in violation of 21 U.S.C. § 844.

Richard Brooks, who had previously purchased drugs from Stockstill, was the government informant and main prosecution witness in the case. On four occasions in February and March 1991, Brooks cooperated with West Virginia State Police officers by making controlled drug purchases from Stockstill. Outfitted with an electronic listening device and a tape recorder, Brooks met with Stockstill at his apartment in Charles Town, West Virginia[2] and negotiated purchases of cocaine and marijuana using funds provided by the police.[3] Brooks testified that a shotgun had been lying beside Stockstill's chair during each of these trans-

actions. Stockstill had told Brooks that he kept guns for his protection. During the search executed at Stockstill's residence in March 1991, the police discovered, in addition to various drug paraphernalia, the loaded 20 gauge shotgun to which Brooks had referred and a .22 caliber pistol and ammunition in the bedroom.

Four months after his trial, but before he had been sentenced, Stockstill retained new counsel and moved for a new trial under Federal Rule of Criminal Procedure 33.[4] In support of this motion, Stockstill alleged newly discovered evidence that could serve to impeach Brooks. Stockstill also raised several ineffective assistance of counsel claims, which he likewise cast as newly discovered evidence, apparently in order to avoid the seven-day limitation of Rule 33. His ineffective assistance of counsel claims were that: 1) His trial counsel, Deborah Lawson, failed to investigate the firearms charges against him, which resulted in her not presenting affirmative evidence in support of his defense that he used his firearms solely for recreational purposes, 2) Lawson failed to object to leading questions, 3) Lawson failed to properly advise him of the mandatory penalties upon conviction of the firearms charges under § 924(c), which resulted in his rejection of a plea offer, 4) Lawson failed to file a motion to suppress certain evidence seized at his home, and 5) Lawson failed to submit appropriate jury instructions. Although Stockstill did not state in his Rule 33 motion that Lawson had a potential conflict of interest, that issue was emphasized at the eviden-

---

**1.** Stockstill was actually convicted of two additional counts of § 924(c) violations, but the district court, upon the government's motion, dismissed them at sentencing.

**2.** Testimony adduced at trial showed that Stockstill's apartment was located within 1,000 feet of an elementary school.

**3.** On the first three occasions, Brooks purchased 25.01 grams of marijuana, 104.6 grams of marijuana, and 2.98 grams of cocaine, respectively. On the fourth occasion, Stockstill agreed to give Brooks 429.8 grams of marijuana and demanded payment in full by the next afternoon. When Brooks failed to pay the balance owed Stockstill, Robert Minke, Stockstill's associate and co-de-

fendant at trial, allegedly threatened Brooks. The jury ultimately acquitted Minke.

**4.** Federal Rule of Criminal Procedure 33 provides:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interests of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

tiary hearing before the district court and in the arguments before this court.

Both Stockstill and Lawson testified at length at the evidentiary hearing on the motion. As to the potential conflict of interest, the evidence revealed that Lawson had previously represented Stockstill's sister, Patty Olchak, in civil matters, and that Olchak was also a friend of Lawson. Lawson had frequently communicated with Stockstill through Olchak, and Olchak had participated in decisions related to Stockstill's defense. Yet, Stockstill testified that Olchak's husband Robert had supplied Stockstill with the marijuana that was sold to Brooks. Moreover, Patty Olchak owned some of the drug paraphernalia that had been seized during the search of Stockstill's apartment.[5] Although Lawson testified that she did not know the identity of Stockstill's drug suppliers, Stockstill testified that he had told Lawson this information. Furthermore, Louise Preble, a lawyer who had researched post-conviction issues in relation to Stockstill's case, testified that Lawson had told her that she had not called Stockstill to testify at trial because it "would open up a can of worms" regarding the identity of Stockstill's suppliers.

Other testimony was elicited regarding Lawson's decision not to recommend the government's plea offer to Stockstill, her decisions not to have him testify and not to call certain other witnesses in his defense, and her estimation of his sentence as seven to eight years, although his exposure was far greater due to his § 924(c) weapons charges. *See United States v. Raynor,* 939 F.2d 191, 193–94 (4th Cir.1991) (conviction on second firearms count, even though charged in the same indictment, gives rise to enhanced sentence of § 924(c)).

■ The district court denied Stockstill's motion for a new trial, finding that the matters relating to his ineffective assistance claims were not "newly discovered evidence" under Rule 33. Accordingly, the court found Stockstill's motion time-barred. The court went on to state that even if it were to consider the ineffective assistance claims under the "newly discovered evidence" exception, Stockstill's allegation did not meet the test for granting a new trial under Rule 33.[6] The court ultimately sentenced Stockstill to 315 months imprisonment, followed by six years of supervised release.

As stated, Stockstill appeals his conviction of two counts of using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), on the grounds of insufficient evidence. He also appeals the district court's denial of his Rule 33 motion, contending that evidence of ineffective assistance of counsel is newly discovered evidence, and that the district court erred in not evaluating his claims under the standard set forth in *Strickland v. Washington.*[7] We review the evidence supporting Stockstill's § 924(c) convictions "in the light most favorable to the government," *United States v. Cummings,* 937 F.2d 941, 943 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 395, 116 L.Ed.2d 345 (1991), and we review the district court's denial of Stockstill's motion for a new trial for abuse of discretion. *United States v. Arrington,* 757 F.2d 1484, 1486 (4th Cir. 1985).

---

**5.** There were no pending criminal charges against the Olchaks, however.

**6.** Although the court acknowledged that ineffective assistance of counsel claims must be examined under the criteria set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court considered Stockstill's claims under the framework of the five-factor test for a Rule 33 motion based upon newly discovered evidence. In order to be granted a new trial on the grounds of newly discovered evidence, a defendant must show: 1) the evidence relied on is, in fact, newly discovered, 2) there are facts alleged from which the court may infer due diligence on the part of the movant, 3) the evidence relied upon must not be

merely cumulative or impeaching, 4) the evidence must be material to issues involved, and 5) the evidence must be of such a nature that it would probably result in an acquittal at trial. *United States v. Chavis,* 880 F.2d 788, 793 (4th Cir.1989).

**7.** In *Strickland,* the Supreme Court announced the now familiar rule that a defendant seeking to set aside a criminal judgment based on counsel's ineffectiveness must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

## II

■ In Counts 3 and 5 of his indictment, Stockstill was charged with knowingly using and carrying a firearm "during and in relation to" a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). In order to prove that a defendant violated § 924(c), the prosecution must make two showings: 1) the defendant used or carried a firearm, and 2) the use or carrying was during or in relation to a drug trafficking crime. *Smith v. United States,* — U.S. —, —, 113 S.Ct. 2050, 2053, 124 L.Ed.2d 138 (1993). Since the word "use" is not defined in the statute, it must be construed in accordance with its ordinary or natural meaning. "Webster's defines 'to use' as '[t]o convert to one's service' or 'to employ.'" *Id.,* 113 S.Ct. at 2054 (quoting *Webster's New International Dictionary of English Language* 2806 (2d ed.1949)). In *Smith,* — U.S. at —, 113 S.Ct. at 2054, the Court concluded that "§ 924(c)(1)'s language sweeps broadly, punishing any 'us[e]' of a firearm, so long as the use is 'during and in relation to' a drug trafficking offense." In interpreting the "in relation to" language of the statute, we have previously stated "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." *United States v. Brockington,* 849 F.2d 872, 876 (4th Cir.1988). *See also United States v. Paz,* 927 F.2d 176, 179 (4th Cir.1991) (holding that because a "gun was present and accessible, even though under a mattress ... there is little question that its presence would help facilitate the success of the criminal undertaking").

Stockstill contends that there was insufficient evidence to prove that his use of firearms was during and in relation to his distributions of drugs to Brooks on February 14, 1991, and February 22, 1991, the predicate offenses for his firearms charges.[8] He argues that his relationship with Brooks was amicable, so the circumstances of the distribution did not demonstrate a need for the use of the guns to protect himself. Thus, he claims, his use of firearms was not integral to the acts of distribution with which he was charged.

The government argues, however, that the evidence of the presence of the loaded shotgun by Stockstill's chair and the pistol in the bedroom supports the § 924(c) convictions. Brooks testified that the shotgun was clearly visible during his drug transactions with Stockstill and that it was always leaning against the wall six inches from the chair where Stockstill sat during their discussions. Some of their transactions occurred in the bedroom, where the pistol was located. Stockstill told Brooks he kept the weapons for his protection. Gary Griffith, a West Virginia State Police officer, testified that the shotgun contained ammunition suitable for killing large animals, but its use for that purpose was prohibited in West Virginia. The government urges that it is clear that the weapons emboldened Stockstill and enabled him to conduct the drug transactions free from the fear that Brooks would rob or threaten him. As the Ninth Circuit has stated,

> If the firearm is within the possession or control of a person who commits an underlying crime as defined by ... [§ 924(c)], and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred, then there is a violation of the statute.

*United States v. Stewart,* 779 F.2d 538, 540 (9th Cir.1985), *cited with approval in United States v. Brockington,* 849 F.2d 872, 876 (4th Cir.1988). The government contends that the above evidence, viewed in the light most favorable to it, is sufficient to support Stockstill's § 924(c) convictions, and in light of the consistently broad interpretation of § 924(c) by this court, we agree.

## III

■ Before he was sentenced, Stockstill retained new counsel and moved for a new

---

8. On these dates, Stockstill sold 25.01 grams of marijuana and 104.6 grams of marijuana to Brooks, respectively.

trial under Federal Rule of Criminal Procedure 33. His primary allegation was that his trial counsel, Deborah Lawson, had been ineffective. The district court held an evidentiary hearing on the motion, at which Lawson testified regarding her trial tactics. The district court denied Stockstill's motion, finding that the matters forming the basis of his ineffective assistance claims were not "newly discovered evidence" under Rule 33. Only Rule 33 claims based on newly discovered evidence may be raised more than seven days after the verdict. Accordingly, the court found that Stockstill's motion was untimely because it was raised over four months after trial. Nevertheless, the court found that even if it were to consider Stockstill's claims as newly discovered evidence, it would deny the motion because the claims were without merit. Although it acknowledged the criteria established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating ineffective assistance claims, the court instead applied the five-factor test for evaluating newly discovered evidence. The court concluded that the fifth factor under that framework, that the evidence would probably result in an acquittal at a new trial, had not been met.

Stockstill urges, against the weight of authority,[9] that his evidence of ineffective assistance of counsel is "newly discovered evidence" under Rule 33. He further argues, and the government agrees, that, in any event, the district court erred in evaluating his ineffective assistance claims under the five-factor test for evaluating newly discovered evidence because his claims should have been evaluated under the criteria established in *Strickland.*

The government suggests, however, that Stockstill's claims of ineffective assistance of counsel should be raised in the first instance in a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[10] We agree. Although the record before us contains evidence related to Lawson's possible conflict of interest and the other ineffective assistance issues raised by Stockstill, these issues were not fully developed. For example, Lawson testified that one of the reasons Stockstill did not accept the government's plea offer was that Stockstill would then have been required to testify against family members; she also admitted she did not call a certain trial witness because that witness, as well as the Olchaks, knew who Stockstill had paid with the drug proceeds he received from Brooks. Lawson also admitted she knew some of the drug paraphernalia found in Stockstill's apartment belonged to the Olchaks, and she did not put Stockstill on the stand because she wanted to avoid his cross-examination by the prosecutor. Yet, Lawson denied knowing the identity of Stockstill's drug suppliers. Furthermore, because no criminal charges were pending against the Olchaks, no arguments were presented as to whether, in fact, a conflict of interest existed. The district court never reached the conflict of interest issue.

Stockstill urges that the conflict of interest issue arises in two ways crucial to the outcome of his case: 1) if he had pled guilty, he would have had to reveal the identity of his drug suppliers, one of whom was allegedly the husband of Patty Olchak, a civil client and friend of Lawson, and 2) if he had taken the stand at his trial, he would have been

---

**9.** Although the Fourth Circuit has not ruled on the issue, the majority of Circuits have held that information giving rise to ineffective assistance claims does not constitute newly discovered evidence for purposes of Rule 33. *See United States v. Laird,* 948 F.2d 444, 446 (8th Cir.1991); *United States v. Seago,* 930 F.2d 482, 489–90 (6th Cir.1991); *United States v. Lema,* 909 F.2d 561, 566 (1st Cir.1990); *United States v. Miller,* 869 F.2d 1418, 1422 (10th Cir.1989); *United States v. Ugalde,* 861 F.2d 802, 806 (5th Cir.1988), *cert. denied,* 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989); *United States v. Dukes,* 727 F.2d 34, 39–40 (2d Cir.1984); *United States v. Lara–Hernandez,* 588 F.2d 272, 275 (9th Cir.

1978); *United States v. Ellison,* 557 F.2d 128, 133 (7th Cir.), *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977). *But see United States v. Brown,* 476 F.2d 933, 935 n. 11 (D.C.Cir.1973).

**10.** Because Stockstill advanced his claims prior to sentencing, a § 2255 motion would not have been appropriate at the time. Therefore, he was apparently forced to cast his ineffective assistance claims as newly discovered evidence in order to avoid the seven-day limitation of Rule 33.

cross-examined regarding the identity of his suppliers. In view of his multiple convictions and his lengthy sentence of 315 months, either a guilty plea or his testimony at trial may well have served Stockstill's best interests. Because the district court never reached the conflict of interest issue, it should have the opportunity to develop more fully a record concerning that and the other issues surrounding Stockstill's ineffective assistance claims.

> The [ineffective assistance of counsel] issue is more properly raised in a § 2255 habeas motion for collateral relief, where the petitioner will be able to "establish an adequate record for resolution of the question," and counsel will be "afforded adequate opportunity to explain the reasons surrounding the action or inaction to which [petitioner] takes exception." ... Without such a full record before us, "it is impossible to make a reasoned judgment as to whether or not representation was ineffectual."

*United States v. DeFusco,* 949 F.2d 114, 120–21 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992) (quoting *United States v. Lurz,* 666 F.2d 69, 78 (4th Cir.1981), *cert. denied,* 459 U.S. 843, 103 S.Ct. 95, 74 L.Ed.2d 87 (1982)).

Furthermore, because it evaluated Stockstill's ineffective assistance claims under the Rule 33 criteria for newly discovered evidence, rather than under the *Strickland v. Washington* criteria, the district court should have the opportunity to view the record with the proper focus. "The principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial." *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069. In view of the above, we remand to the district court with instructions to consider Stockstill's motion as a § 2255 motion and to develop a record of the facts relating to the ineffective assistance claims, particularly those concerning the conflict of interest allegations.

*AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.*