46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Steven Dean HAMILTON, Appellant.
 No. 94-2347.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 14, 1994.
Filed: Jan. 31, 1995.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven Dean Hamilton pleaded guilty to conspiring to distribute cocaine, in violation of 21 U.S.C. Sec. 846. The district court[1] sentenced him to 34 months imprisonment and three years supervised release. Hamilton appeals his sentence. We affirm.
 
 
 2
 On appeal, counsel moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Anders brief first argues that the district court clearly erred in determining the amount of cocaine attributable to Hamilton for sentencing purposes. The district court made its finding after hearing government witnesses testify at sentencing about amounts of cocaine involved in their various transactions with Hamilton. We see no clear error in the district court's drug-quantity finding, which is supported by this testimony. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (district court's drug-quantity findings reviewed for clear error; findings on witness credibility virtually unreviewable on appeal).
 
 
 3
 Counsel's Anders brief also argues that the court used unreliable hearsay evidence in sentencing Hamilton. A district court may consider any relevant evidence at sentencing, however, as long as the evidence has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. Sec. 6A1.3. Upon our review of the record, we conclude that the district court did not abuse its discretion in refusing to exclude a hearsay statement at sentencing, because other sentencing testimony lent support to the statement. See United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993) (standard of review). We also note the drug-quantity finding is supportable without counting the cocaine which the hearsay statement linked to Hamilton.
 
 
 4
 The Anders brief next argues that the court erred in failing to sentence Hamilton at the bottom of the applicable Guidelines range. This argument is unavailing. See United States v. Hutchinson, 926 F.2d 746, 747 (8th Cir. 1991) (per curiam) (defendant's request to be sentenced at low end of Guidelines range is non-reviewable). The final argument asserts an ineffective- assistance claim, but any ineffective-assistance claim should be raised in a 28 U.S.C. Sec. 2255 proceeding where the record can be appropriately developed. See United States v. Thomas, 992 F.2d 201, 204 (8th Cir. 1993).
 
 
 5
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE CHARLES R. WOLLE, Chief Judge, United States District Court for the Southern District of Iowa