**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-7757

SERGIO GONZALEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-97-264-A, CA-98-1586-AM)

Submitted: March 9, 1999

Decided: March 25, 1999

Before MICHAEL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Sergio Gonzalez, Appellant Pro Se. Robert Andrew Spencer, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Sergio Gonzalez seeks to appeal the district court's order summarily denying his motion filed under 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1998) without ordering a response from the Government. <u>See</u> Rule 4(b) of the Rules Governing§ 2255 Proceedings. Gonzalez and his co-defendant, his wife, were represented by members of the same law firm. Gonzalez contends that such joint representation created a conflict of interest because it inhibited cross-examination of his co-defendant-wife, prevented Gonzalez from pursuing an effective defense, and deprived Gonzalez of independent advice as to whether he should testify.

We agree with the district court that the record does not conclusively support Gonzalez's claim. However, ineffective assistance of counsel claims generally rely on evidence outside the record. <u>See</u>, e.g., <u>United States v. Tatum</u>, 943 F.2d 370, 376 (4th Cir. 1991) (a failure to act before trial may show a conflict of interest). Furthermore, a § 2255 proceeding is the proper proceeding in which to expand the record to include additional evidence. <u>See United States v. Stockstill</u>, 26 F.3d 492, 498 (4th Cir. 1994); <u>Raines v. United States</u>, 423 F.2d 526, 529-30 (4th Cir. 1970) (before ordering a hearing, the court may wish to dispose of the § 2255 motion on an expanded record).

We also agree with the district court that Gonzalez did not supplement his claim with sufficient factual support. We are mindful, however, that pro se filings should be construed liberally. <u>See Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Rather than a summary dismissal, we find that the better practice is to return the motion to Gonzales with an instruction that he particularize his claims by including additional factual support. <u>See</u> Rule 2(d) of the Rules Governing § 2255 Proceedings.

Accordingly, we grant a certificate of appealability on the claim that Gonzalez's counsel was ineffective because of an actual conflict of interest, vacate the district court's order, and remand for further proceedings consistent with this opinion.* We dispense with oral

_____

*We express no view as to the merits of Gonzalez's claims.

2

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3