

Kirk E. Naylor, Jr., Lincoln, Neb., for appellant.

Paul D. Boeshart, Asst. U.S. Atty., Lincoln, Neb., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Leonard C. Woodrum, Jr., appeals his prison sentence of twenty-seven months imposed by the district court[1] after he pleaded guilty to a drug offense. We dismiss the appeal.

**UNITED STATES of America, Appellee,**

v.

**Leonard C. WOODRUM, Jr., Appellant.**

No. 91–3207.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1992.

Decided March 17, 1992.

Woodrum pleaded guilty to conspiring to distribute and to possessing with intent to distribute cocaine. The presentence report (PSR) set the base offense level at sixteen under U.S.S.G. § 2D1.1(c)(14), subtracted two levels for acceptance of responsibility, and assessed eight criminal history points. The adjusted offense level of fourteen and the Category IV criminal history yielded a sentencing range of 27 to 33 months. The PSR noted that Woodrum's criminal history score might not accurately represent his illegal conduct or disregard for the law. In written tentative findings on Woodrum's objections to the PSR, the district court

---

\* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.

1. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

agreed that Woodrum was a minor participant under U.S.S.G. § 3B1.2(b) and lowered his offense level to twelve and the applicable sentencing range to 21 to 27 months. The court otherwise adopted the findings in the PSR.

At sentencing, Woodrum argued that his criminal history was not underrepresented, and urged the court not to sentence him above the Guideline range set forth in the court's tentative findings. He agreed there were no other objections to the PSR. After reviewing Woodrum's past criminal conduct, the court did not depart from the applicable range but sentenced Woodrum at the top of the range to twenty-seven months.

Woodrum argues that his sentence is excessive, and asks us to determine whether the district court abused its discretion in sentencing him at the top of the range. Our appellate jurisdiction in this case is defined by 18 U.S.C. § 3742(a) (defendant may appeal sentence if it was imposed in violation of law, if it was imposed as a result of an incorrect application of Guidelines, if it exceeded applicable Guideline range, or it if was imposed for an offense for which there is no Guideline range and it was plainly unreasonable). Woodrum's sentence was imposed within the applicable Guideline range, and he does not argue that his sentence was imposed in violation of law or as a result of an incorrect application of the Guidelines. A sentence is not reviewable merely because it is at the top of a properly calculated Guideline range. *See, e.g., United States v. Hutchinson,* 926 F.2d 746, 747 (8th Cir.1991) (per curiam) (defendant's request for sentence at low end of Guideline range nonreviewable); *United States v. Garcia,* 919 F.2d 1478, 1482 (10th Cir.1990) (refusing to scrutinize sentencing justifications offered by district court when sentence is within admittedly appropriate range unless those justifications implicate 18 U.S.C. § 3742(a)(1) or (2)); *United States v. Porter,* 909 F.2d 789, 794 (4th Cir.1990) (district court's exercise of discretion in setting sentence within properly calculated Guideline range not reviewable); *United States v. Pelayo–Bautista,* 907 F.2d 99, 101 (9th Cir.1990) (court lacked jurisdiction to review otherwise lawful sentence that was within correctly applied Guideline range, because review not expressly authorized by 18 U.S.C. § 3472(a)). This is not a case in which the applicable sentencing range spans more than twenty-four months, which would trigger the requirement that the district court state its reason for imposing the sentence at a particular point within that range. *See* 18 U.S.C. § 3553(c)(1). Thus, we have no jurisdiction to entertain this appeal. *See Garcia,* 919 F.2d at 1482; *Pelayo–Bautista,* 907 F.2d at 102.

The appeal is dismissed.