United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1433

_____

United States of America,                    *
                                             *
              Appellee,                       *
                                             *
       v.                                     *    Appeal from the United States
                                             *    District Court for the
John E. Johnson, also known as                *    Western District of Missouri.
James A. Good,                                *
                                             *         [UNPUBLISHED]
              Appellant.                      *

_____

Submitted:  October 23, 1997
Filed:  October 30, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.


       In 1992, a jury found Johnson guilty of conspiring to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841 and 846 (1994); possessing with intent to distribute cocaine, methamphetamine, and cocaine base, in violation of 21 U.S.C. § 841 (1994); and two counts of possessing a firearm in relation to drug

trafficking, in violation of 18 U.S.C. § 924 (1994). The District Court[1] sentenced Johnson to 124 months on the drug counts and 300 months on the firearm counts, to be served consecutively, plus five years supervised release. Upon Johnson's 28 U.S.C. § 2255 (1994) motion, the District Court vacated his firearm convictions in light of Bailey v. United States, 116 S. Ct. 501, 506 (1995). After imposing a two-level enhancement for the possession of a firearm, see U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (providing for two-level enhancement if firearm involved), the Court resentenced Johnson to concurrent 188-month prison terms on the drug counts, and five years supervised release.

Johnson appeals, arguing that the District Court lacked jurisdiction to resentence him on the unchallenged drug convictions, and that application of the firearm-possession enhancement violates double jeopardy and due process. These arguments are foreclosed by United States v. Harrison, 113 F.3d 135, 137-38 (8th Cir. 1997). Johnson also argues the District Court erroneously resentenced him at a higher point within the applicable Guidelines range, as compared to his original sentence. Because Johnson's sentence falls within the applicable Guidelines range, it is not reviewable. See 18 U.S.C. § 3742(a) (1994); United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.