129 F.3d 122
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
John E. JOHNSON, also known as James A. Good, Appellant.
 No. 97-1433.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Oct. 23, 1997.
Filed: Oct. 30, 1997.
 
 Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
 
 PER CURIAM
 
 1
 In 1992, a jury found Johnson guilty of conspiring to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841 and 846 (1994); possessing with intent to distribute cocaine, methamphetamine, and cocaine base, in violation of 21 U.S.C. § 841 (1994); and two counts of possessing a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924 (1994). The District Court[1] sentenced Johnson to 124 months on the drug counts and 300 months on the firearm counts, to be served consecutively, plus five years supervised release. Upon Johnson's 28 U.S.C. § 2255 (1994) motion, the District Court vacated his firearm convictions in light of Bailey v. United States, 116 S.Ct. 501, 506 (1995). After imposing a two-level enhancement for the possession of a firearm, see U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (providing for two-level enhancement if firearm involved), the Court resentenced Johnson to concurrent 188-month prison terms on the drug counts, and five years supervised release.
 
 
 2
 Johnson appeals, arguing that the District Court lacked jurisdiction to resentence him on the unchallenged drug convictions, and that application of the firearm-possession enhancement violates double jeopardy and due process. These arguments are foreclosed by United States v. Harrison, 113 F.3d 135, 137-38 (8th Cir.1997). Johnson also argues the District Court erroneously resentenced him at a higher point within the applicable Guidelines range, as compared to his original sentence. Because Johnson's sentence falls within the applicable Guidelines range, it is not reviewable. See 18 U.S.C. § 3742(a) (1994); United States v. Woodrum, 959 F.2d 100, 101 (8th Cir.1992) (per curiam).
 
 
 3
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri