United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4232

_____

United States of America,

        Appellee,

    v.

Frank Baumgardner,

        Appellant.

\*
\*
\*       
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: November 21, 1997
Filed: December 5, 1997

_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.


After a jury found Frank Baumgardner guilty of making a false statement to the Social Security Administration (SSA), in violation of 18 U.S.C. § 1001 (1994), and of committing Social Security fraud, in violation of 42 U.S.C. § 408(a)(4) (1994), the District Court[1] sentenced him to twenty-three months of imprisonment and three years of supervised release. On appeal, this Court vacated Baumgardner's false-statement

---

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

conviction and remanded for a new trial, but affirmed his Social Security fraud conviction and remanded for resentencing on that count. See United States v. Baumgardner, 85 F.3d 1305, 1308-10, 1310-11 (8th Cir. 1996). On remand, the court granted the government's motion to dismiss the false-statement count; the parties stipulated that Baumgardner should be resentenced based solely on the amount of loss attributable to his Social Security fraud conviction, which resulted in a Guidelines imprisonment range of twelve to eighteen months; and the court sentenced Baumgardner to fourteen months of imprisonment and three years of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the court should have sentenced Baumgardner to twelve months of imprisonment. We affirm.

Because Baumgardner does not challenge the legal basis for his sentence or the applicable Guidelines range of twelve to eighteen months, and the sentence the court imposed is within that range, we conclude that the issue counsel raises is unreviewable. See 18 U.S.C. § 3742(a) (1994); United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam).

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record and find no nonfrivolous issues for appeal.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-