# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2935

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Luis Antonio Molina, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 22, 1998
Filed: December 28, 1998

_____

Before WOLLMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Luis Antonio Molina appeals the sentence imposed on him by the district court[1]
following his guilty plea to conspiring to distribute and possess with intent to distribute
methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. After denying
Molina's motion for a downward departure--which was based on Molina's status as a
deportable alien--the district court sentenced Molina at the bottom of the applicable
range to 87 months' imprisonment and four years' supervised release. After appellate

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of
Nebraska.

counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), we granted Molina permission to file a pro se supplemental brief, but he has not done so. We now grant counsel's motion to withdraw, and we affirm.

The first Anders brief argument, that Molina's sentence is too severe, is unreviewable. Molina was sentenced within a Guidelines range that he does not dispute, and the range spans less than 24 months. See United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam) (holding there is no jurisdiction to entertain appeal from sentence at top of applicable sentencing range where defendant did not argue sentence was imposed in violation of law or as result of incorrect Guideline application, and court need not give reason for sentence if sentencing range spans less than 24 months).

Counsel also argues in the Anders brief that the district court indicated it lacked authority to depart downward, and that the court's belief it could not depart was legally erroneous. After reviewing the district court's comments as a whole, however, we conclude the court was aware of its authority to depart, and made a discretionary decision not to do so--a decision we do not review. See United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997) (holding that absent an unconstitutional motive, a discretionary decision not to depart from Guidelines is unreviewable on appeal).

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.