# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2388

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Asension Valenzuela-Montoya, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 2, 2000

Filed: May 19, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Asension Valenzuela-Montoya appeals from the final judgment entered in the
District Court[1] for the Western District of Missouri upon his guilty plea to aiding and
abetting the possession of methamphetamine with intent to distribute, in violation of 18
U.S.C. § 2 and 21 U.S.C. § 841(a)(1). The district court sentenced appellant to 210
months imprisonment and four years supervised release. Counsel has filed a brief and

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western
District of Missouri.

moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). For reversal, counsel suggests that the district court erred in (1) treating Valenzuela-Montoya as a career offender because his prior controlled-substance felonies "do not rise to the level of severity necessary to justify career offender status"; (2) denying his downward-departure motion, in which he alleged that his criminal history was significantly overrepresented; (3) denying the two-level downward departure recommended by the government, which it based on Valenzuela-Montoya's consent to deportation; (4) treating certain seized currency as the proceeds of methamphetamine sales and using it to calculate his offense level; and (5) imposing too harsh a sentence. Although we granted Valenzuela-Montoya permission to file a pro se supplemental brief, he has not done so. For the reasons discussed below, we affirm the judgment of the district court.

First, we conclude that Valenzuela-Montoya was properly classified as a career offender. The contention that his convictions for selling small quantities of cocaine are insufficiently severe to justify career-offender status lacks merit, because the convictions satisfy the Guidelines definition of controlled-substance offenses. <u>See</u> U.S. Sentencing Guidelines Manual § 4B1.2(b). Next, we conclude that the district court's denial of both Valenzuela-Montoya's and the government's downward-departure motions are unreviewable. <u>See</u> <u>United States v. Hernandez-Reyes</u>, 114 F.3d 800, 801-03 (8th Cir. 1997); <u>United States v. Shaw</u>, 94 F.3d 438, 444 (8th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1100 (1997).

We need not consider the challenge to the district court's treatment of the seized currency because it did not affect Valenzuela-Montoya's sentence: his offense level was ultimately determined by virtue of his career-offender status. <u>See</u> <u>United States v. Darden</u>, 70 F.3d 1507, 1548 n.17 (8th Cir. 1995) (declining to review argument which would not affect sentence), <u>cert. denied</u>, 517 U.S. 1149 and 518 U.S. 1026 (1996). Finally, there is no jurisdictional basis for reviewing Valenzuela-Montoya's sentence merely because he considers it too harsh. <u>See</u> 18 U.S.C. § 3742(a) (grounds

for appeal of sentence by defendant). It was, in fact, at the bottom of the Guidelines range. Cf. United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam) (sentence not reviewable merely because it is at top of Guidelines range).

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.