# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2913

_____

United States of America,            *
                                    *
          Appellee,        *
                                    *   Appeal from the United States
        v.                  *   District Court for the Western
                                    *   District of Missouri.
John E. Francis,               *
                                    *       [UNPUBLISHED]
          Appellant.      *

_____

Submitted: July 27, 2001
Filed: August 3, 2001

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

John E. Francis pleaded guilty to a charge of being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1) (1994). Using the Guidelines determinations described in the written plea agreement and followed in the presentence report (to which Francis filed no objections), the District Court[1] sentenced him to forty-one months' imprisonment and three years of supervised release. On appeal, counsel filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967),

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

arguing that the District Court erred by (1) denying Francis's pro se request for the appointment of substitute counsel, and (2) by sentencing Francis at the top of the applicable Guidelines range.

These arguments fail. First, Francis's offense level of eighteen and his category III criminal history produced a Guidelines range of thirty-three to forty-one months' imprisonment. The District Court's decision to sentence Francis at the top of the Guidelines range—particularly where the top and bottom of the Guidelines range does not span more than twenty-four months—is an unreviewable matter. See 18 U.S.C. § 3742(a) (1994); United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam) ("[a] sentence is not reviewable merely because it is at the top of a properly calculated Guidelines range"); cf. 18 U.S.C.§ 3553(c)(1) (1994) (requiring sentencing court to state its reasons for imposing a sentence at a particular point within the Guidelines range in cases where the range exceeds twenty-four months). Second, we conclude that the District Court did not abuse its discretion in denying Francis's motion for substitute counsel, given that the record and counsel's testimony from a hearing held on the motion contradicted Francis's alleged reasons for seeking new counsel. See United States v. Long Crow, 37 F.3d 1319, 1324 (8th Cir. 1994) (explaining the abuse-of-discretion standard of review), cert. denied, 513 U.S. 1180 (1995).

In a pro se supplemental brief, Francis argues that counsel was ineffective in various ways, that the District Court erred in accepting his guilty plea, and that his rights under Miranda v. Arizona, 384 U.S. 436 (1966), were violated. These arguments also fail. See United States v. Vong, 171 F.3d 648, 652 (8th Cir. 1999) ("[b]y pleading guilty [the defendant] waive[d] all non-jurisdictional defenses"); United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995) (noting that ineffective-assistance claims are more appropriately raised in 28 U.S.C. § 2255 proceedings); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (holding that involuntary-guilty-plea claim must first be presented to the district court and is not cognizable on direct appeal).

Following our independent review under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we grant counsel's motion to withdraw, deny Francis's motion for appointment of new counsel, and affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.