# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1087

_____

United States of America,

       Appellee,

v.

Roberto Arreguin-Rivera,

       Appellant.

*
*
*
*
*
*   Appeal from the United States
*   District Court for the
*   District of Nebraska.
*
*       [UNPUBLISHED]

_____

Submitted: July 16, 2002
Filed: July 23, 2002

_____

Before BOWMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Roberto Arreguin-Rivera (Arreguin-Rivera) was arrested after police found a large amount of methamphetamine in hidden compartments in a car in which he was a passenger. He pled guilty to conspiring to possess, with intent to distribute, methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. The district court[1] sentenced Arreguin-Rivera to 97 months imprisonment, based on a Guidelines range of 97-121 months, and 5 years supervised release. Arreguin-Rivera appeals, and we affirm. After reviewing the record for plain error, we find no plain error.

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

In a brief filed under Anders v. California, 386 U.S. 738 (1967), Arreguin-Rivera's counsel concedes Arreguin-Rivera's sentence is not subject to review, if within a properly calculated Guidelines range and not otherwise in violation of law. See 18 U.S.C. § 3742(a); United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam). We agree. Arreguin-Rivera's sentence is within a properly calculated range and no violations of law exist.

Having independently reviewed the entire record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no plain error affecting Arreguin-Rivera's substantial rights. See United States v. Vonn, 122 S. Ct. 1043, 1046 (2002) (standard of review). We do note two issues which warrant comment.

First, Arreguin-Rivera received a role in the offense sentencing adjustment based on the plea agreement, which stipulated he was a "minor participant." See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."). Although Arreguin-Rivera argued at the plea hearing and on appeal that his involvement was virtually non-existent, the district court did not err in relying on the plea agreement stipulation.

Second, the plea agreement and the statements made at the plea hearing were sufficient to form a factual basis for the conspiracy plea. In the plea agreement, Arreguin-Rivera agreed that he "conspired to deliver methamphetamine to Nebraska." At the plea hearing, Arreguin-Rivera's statements, together with his lawyer's statements, show that he was pleading guilty to a conspiracy because the car driver was prepared to testify and implicate Arreguin-Rivera in the conspiracy.

The judgment of the district court is affirmed. Counsel's motion to withdraw is granted.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.