# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2010

_____

United States of America,

      Appellee,

    v.

Omar Chavez-Garcia, also known as
Joel Garcia,

      Appellant.

\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\* [UNPUBLISHED]
\*
\*
\*

_____

Submitted: September 6, 2002
Filed: September 12, 2002

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Omar Chavez-Garcia appeals his conviction and the sentence imposed by the district court[1] upon his guilty plea to conspiring to distribute and possess with intent to distribute more than 100 kilograms of a marijuana mixture, in violation of 21 U.S.C. § 846, and to forfeiture of $8,439 in drug proceeds under 21 U.S.C. § 853. Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel has moved to

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

withdraw and filed a brief stating that Chavez-Garcia seeks to have his conviction and sentence vacated.

In November 2001 Chavez-Garcia entered his guilty plea in accordance with a written plea agreement. The presentence report calculated a Guidelines imprisonment range of 87 to 108 months, but noted that the parties had agreed to an 84-month sentence. In March 2002 Chavez-Garcia moved to withdraw his guilty plea because he was dissatisfied with the plea agreement and the presentence report. However, at sentencing a few days later, Chavez-Garcia--both before and following a recess--indicated that he no longer wished to withdraw his plea and wished to proceed to sentencing under the plea agreement. Thereafter, the court accepted the plea agreement and sentenced Chavez-Garcia, without objection, to 84 months imprisonment and 5 years supervised release.

The record reflects that during his plea colloquy Chavez-Garcia affirmed he was freely and voluntarily pleading, under the terms of his signed plea agreement, to the conspiracy and forfeiture counts in the indictment. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). At sentencing Chavez-Garcia reaffirmed that he wished to maintain his plea and proceed to sentencing, and therefore he has relinquished any plea-withdrawal claim. See United States v. Olano, 507 U.S. 725, 733 (1993) (claim relinquished below need not be addressed on appeal). Further, any challenge to his sentence is essentially unreviewable. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). We note that his 84-month sentence was less than the otherwise applicable Guidelines range. See United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.