# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2304

_____

United States of America,

        Appellee,

v.

Lige Bush,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Western
\* District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: February 6, 2004

Filed: March 11, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Lige Bush appeals the sentence imposed by the district court[1] after he pleaded guilty to two counts of knowingly making or causing to be made a false or fictitious written statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2. The district court sentenced Bush to 70 months imprisonment and 3 years supervised release on both counts, to be served concurrently. Bush's counsel has filed a brief and moved to withdraw under Anders

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

v. California, 386 U.S. 738 (1967), arguing that the district court erred by accepting Bush's plea and then sentencing him within the applicable Sentencing Guidelines range. In a pro se supplemental brief, Bush asserts that his counsel was ineffective. For the reasons discussed below, we affirm the judgment of the district court and grant counsel's motion to withdraw.

Because Bush did not object below that the district court failed to comply with Federal Rule of Criminal Procedure 11(b) (consideration and acceptance of guilty pleas), we review the acceptance of Bush's plea for plain error, and we find none. Thus, we reject counsel's argument that the district court erred in accepting Bush's guilty plea. See United States v. Vonn, 535 U.S. 55, 58-59 (2002) (defendant who allows Rule 11 error to pass without objection in trial court must satisfy plain-error rule, i.e., that claimed plain error affected defendant's substantial rights). As to the remaining arguments, the ineffective-assistance argument is not properly before us, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995) (except where result would be plain miscarriage of justice, ineffective-assistance claims should be raised in 28 U.S.C. § 2255 proceedings), and the sentencing argument does not raise any reviewable issues, cf. United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam) (where appellant did not argue his sentence was imposed in violation of law or because of incorrect application of Guidelines, and where applicable sentencing range did not span more than 24 months, appeals court had no appellate jurisdiction to entertain argument that sentence was improperly imposed at top of Guidelines range).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____