# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3198
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Juan Medina-Viedma, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 7, 2004
Filed: May 12, 2004
_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.
_____

PER CURIAM.

Juan Medina-Viedma (Medina-Viedma) appeals the 71-month sentence the district court[1] imposed after he pled guilty to illegal reentry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2) (2000). Medina-Viedma's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S.738 (1967).

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

On appeal, counsel argues the sentence imposed was too harsh and the district court failed to state a reason for imposing a sentence at the top of the Guidelines range. These arguments fail. Medina-Viedma's sentence falls within 8 U.S.C. § 1326(b)(2)'s 20-year maximum, it is within the appropriate Guidelines range, and we will not review the sentence merely because it is at the top of the range, see United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992), and the district court was not required to state its reasons for imposing a sentence at a particular point within the Guidelines range (57 to 71 months), cf. 18 U.S.C. § 3553(c)(1) (requiring sentencing court to state reasons for imposing sentence at particular point within Guidelines range where range exceeds 24 months).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment, and grant counsel's motion to withdraw.

_____