# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 03-4068

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Northern |
| Rico J. Maury, | * | District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

———————

Submitted: July 22, 2004
Filed: July 12, 2005

———————

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Rico J. Maury was convicted of possession with intent to distribute cocaine base, and the district court* sentenced him to a term of 87 months' imprisonment. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court abused its discretion by sentencing Maury at the top of the applicable sentencing guideline range of 70 to 87 months. Under the mandatory guideline regime that prevailed prior to *United States v. Booker*, 125 S. Ct. 738

———————————————

*The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

(2005), a decision by the district court to sentence at the top of the range was unreviewable. *See United States v. Woodrum*, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam).

Although Maury raised no objection in the district court based on the Sixth Amendment or the application of mandatory sentencing guidelines, we have also considered the record in light of *Booker*. Reviewing the sentence under the plain error standard, *see United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc), we conclude that the record does not establish a "reasonable probability" that Maury would have received a more favorable sentence under the advisory guideline scheme announced in *Booker*. *See Pirani*, 406 F.3d at 553. The district court sentenced Maury at the top of the applicable guideline range, and we see nothing in the record to indicate that the court would have imposed a more favorable sentence if it had known that the guidelines were merely advisory. We also conclude that the sentence, which was within the advisory guideline range, was not unreasonable, particularly in light of Maury's extensive criminal history. *See United States v. McCully*, 407 F.3d 931, 934 (8th Cir. 2005).

Upon reviewing the record of the district court in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), we find no other nonfrivolous issues. Accordingly, counsel's motion to withdraw is granted, contingent on counsel's compliance with Part V of this court's Amended Criminal Justice Act Plan. Maury's motion for supplemental briefing is denied.

_____