# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3313

_____

United States of America,      *
        *
       Appellee,      *
        *    Appeal from the United States
     v.      *    District Court for the
        *    District of Nebraska.
Roy L. Wood,      *
        *    [UNPUBLISHED]
       Appellant.      *

_____

Submitted: October 31, 2005
Filed:  December 6, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Roy Wood pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Viewing the Guidelines as mandatory and calculating a Guidelines imprisonment range of 78 to 97 months, the district court[1] discussed Wood's recent violent criminal conduct and his personal characteristics, noted the 18 U.S.C. § 3553(a) factors, and then imposed a prison term of 97 months. On appeal, Wood's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), questioning the court's decision to

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

sentence Wood at the top of the range. Wood moves for appointment of new counsel, and argues in his pro se brief that the government breached the implicit terms of the plea agreement by not recommending a sentence at the bottom of the Guidelines range, and that venue was improper because he did not commit any crimes in Nebraska.

We reject Wood's pro se arguments. His first contention is contrary to the plea agreement's express statement that no other promises or agreements existed outside the document. Both contentions are contrary to Wood's sworn testimony at the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

As to the issue raised in the *Anders* brief, under the mandatory Guidelines scheme before *United States v. Booker*, 125 S. Ct. 738 (2005), the district court's decision to sentence at the top of the applicable Guidelines range was unreviewable, *see United States v. Woodrum*, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam). While we now know that it was error to sentence Wood under mandatory Guidelines, the error was not preserved, and the district court gave no indication it would have imposed a lower sentence under advisory Guidelines; moreover, we conclude that the sentence was not unreasonable in light of the court's consideration of appropriate factors. *See Booker*, 125 S. Ct. at 756-57; *United States v. Pirani*, 406 F.3d 543, 550, 552 (8th Cir. 2005) (en banc) (preservation of *Booker* error; plain-error standard of review), *cert. denied*, 126 S. Ct. 266 (2005); *United States v. Maury*, 138 Fed. Appx. 875, 876 (8th Cir. 2005) (unpublished per curiam).

Having reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, deny Wood's motion to appoint new counsel, and affirm.

_____