# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1998

_____

United States of America,

        Appellee,

v.

Melody A. McCully,

        Appellant.

*
*
*
*
*  Appeal from the United States
*  District Court for the
*  Western District of Missouri.
*
*
*

_____

Submitted: December 13, 2004
Filed: May 13, 2005 (Corrected May 23, 2005)

_____

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Melody April McCully appeals her sentence following a plea of guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846. On initial briefing, McCully's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and challenged McCully's sentence on various grounds. In supplemental briefs, both McCully and her counsel assert that the sentence violates the Sixth Amendment. Jurisdiction being proper under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, this court affirms.

While McCully's case was pending on appeal, the Supreme Court held that the federal sentencing guidelines are unconstitutional and no longer mandatory. *United States v. Booker*, 125 S. Ct. 738, 756-57, 769 (2005). Now, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. . . . The courts of appeals review sentencing decisions for unreasonableness." *Booker*, 125 S. Ct. at 767.

After this court's independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), McCully presents non-frivolous issues that her sentence 1) violates the Sixth Amendment, and 2) is unreasonable.

McCully claims her sentence violates the Sixth Amendment because she did not admit to facts supporting the enhancements for obstruction of justice, possession of a dangerous weapon, and drug quantity. Because McCully neither objected to the enhancements on the basis of *Apprendi*, *Blakely*, or the Sixth Amendment, nor challenged the constitutionality of the guidelines before the district court,[1] this court reviews for plain error. *See United States v. Pirani*, No. 03-2871, slip op. at 6-7 (8th Cir. April 29, 2005) (en banc), *applying United States v. Olano*, 507 U.S. 725, 732-36 (1993).

*Booker* requires: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *See Booker*, 125 S. Ct. at 756. Contrary to McCully's argument, the Presentence Investigation Report ("PSR") explicitly provided facts supporting all three enhancements. McCully did not object to any of the facts

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

presented in the PSR. At sentencing, she stated she had reviewed the PSR, discussed it with counsel, and when asked, said she had no objection to it.

Under Federal Rule of Criminal Procedure 32(i)(3), a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Therefore, a fact in the PSR not specifically objected to is admitted for purposes of *Booker*. *See United States v. Sayre*, 400 F.3d 599, 602 (8th Cir. 2005) (Gruender, J., concurring). McCully's Sixth Amendment rights were not violated because she admitted the facts supporting the enhancements by failing to object to the PSR.

The district court, however, plainly erred by applying the guidelines as mandatory, rather than advisory. *Pirani*, slip op. at 11 ("All sentences imposed by the district court that mistakenly (though understandably) believed the Guidelines to be mandatory contain *Booker* error."). The defendant must establish that the error affected substantial rights, that is, a reasonable probability of a lesser sentence. *Pirani*, slip op. at 7, 12. For *Booker* error, the defendant can prove this by showing that "the district court would have imposed a more favorable sentence under the advisory guidelines regime mandated by *Booker*." *Id*. at 12.

McCully was sentenced at the bottom of the applicable guidelines range, but this is insufficient, without more, to demonstrate a reasonable probability of a lesser sentence. *See Pirani*, slip op. at 12. The record on appeal does not indicate that the district court would have imposed a more favorable sentence absent the *Booker* error. *See id.* Therefore, McCully has not met her burden of proving prejudicial plain error.

-3-

Finally, McCully claims the sentence is excessive.[2] Although she does not state her claim in terms of reasonableness, this court now reviews the sentence for unreasonableness. *See **Booker***, 125 S. Ct. at 767. Considering the then-mandatory guidelines, the district court imposed a 168-month sentence – at the bottom of the guidelines range. Because this is the sentence she requested, generally she cannot complain on appeal. *See **United States v. Harrison***, 393 F.3d 805, 808 (8th Cir. 2005). To the extent McCully's statements at sentencing qualify her counsel's request for the 168-month sentence, this court reviews the record in light of the factors in 18 U.S.C. § 3553(a), and finds that the sentence is not unreasonable.

This court thus affirms, and denies counsel's motion to withdraw because, at this time, the Sixth Amendment and reasonableness arguments are not frivolous.

_____

[2]McCully's counsel, in the *Anders* brief, notes that this court has held that it lacks jurisdiction to review for excessiveness those sentences that are within the applicable guidelines range. *See **United States v. Smotherman***, 326 F.3d 988, 989 (8th Cir.), *cert. denied*, 540 U.S. 912 (2003); ***United States v. Garrido***, 38 F.3d 981, 986 (8th Cir. 1994); ***United States v. Mihm***, 13 F.3d 1200, 1205 (8th Cir. 1994); ***United States v. Woodrum***, 959 F.2d 100, 101 (8th Cir. 1992); ***United States v. Gordon***, 974 F.2d 97, 100 (8th Cir. 1992); ***United States v. Onwuemene***, 933 F.2d 650, 651 (8th Cir. 1991).

*Booker* commands that: "The courts of appeals review sentencing decisions for unreasonableness." ***Booker***, 125 S. Ct. at 767. This court therefore exercises jurisdiction over McCully's claim in order to review for unreasonableness, pursuant to the factors in 18 U.S.C. § 3553(a). *See **id.***