# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2117

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Rigoberto Mondragon-Hernandez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 15, 2005
Filed: May 27, 2005

_____

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Rigoberto Mondragon-Hernandez (Mondragon-Hernandez) pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and appeals from the sentence of 87 months' imprisonment and four years of supervised release imposed by the district court.[1] We affirm.

_____

[1] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

**I.**

While under surveillance, a confidential informant received a one-gram sample of methamphetamine from Mondragon-Hernandez. The informant ordered a pound of methamphetamine from Mondragon-Hernandez, who was later arrested when he supplied an undercover agent with 475.9 grams of the drug.

The indictment listed the amount of methamphetamine as 50 grams or more. Mondragon-Hernandez admitted at his plea hearing that the total amount of methamphetamine distributed by him and reasonably foreseeable to him was in excess of 50 grams. The presentence investigation report (PSR) stated that Mondragon-Hernandez had sold 475.9 grams of methamphetamine to the undercover agent. At the sentencing hearing, Mondragon-Hernandez stated that he had no factual objections to the presentence report. Adopting the PSR, the district court found that Mondragon-Hernandez was responsible for at least 350 grams but less than 500 grams, granted a three-level adjustment for acceptance of responsibility, and thus calculated a base offense level of 27 under the United States Sentencing Guidelines. The district court then sentenced Mondragon-Hernandez to the minimum sentence allowable under the 87 to 108-month range dictated by the then-mandatory guidelines regime.

**II.**

Mondragon-Hernandez contends that under Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), his guilty plea to the indictment listing 50 grams or more quantity of methamphetamine dictates, after the adjustment for acceptance of responsibility, a total offense level of 23 and a maximum sentence of 71 months. The only factor in question is the amount of drugs for which the district court found him responsible. Since no pertinent objection was raised at trial, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731(1993). To find plain error, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" Johnson v. United States,

520 U.S. 461, 467 (1997) (quoting <u>Olano</u>, 507 U.S. at 732). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>U.S. v. Cotton</u>, 535 U.S. 625, 631-32 (2002) (quoting <u>Johnson</u>, 520 U.S. at 467).

<u>Booker</u> requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. Mondragon-Hernandez claims that the maximum sentence for the offense listed in the indictment is 71 months. Mondragon-Hernandez's violation of § 841(a)(1) compels a mandatory minimum sentence of 5 years' imprisonment and permits a maximum term of 40 years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(viii) ("In the case of a violation of subsection (a) of this section involving…50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers…such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years"). Counsel for Mondragon-Hernandez stated at the sentencing hearing that his client had no factual objections to the PSR, which referenced the 475.9-gram amount. Thus, he admitted this drug quantity for purposes of <u>Booker</u>. <u>See</u> <u>United States v. McCully</u>, No. 04-1998, slip op. at 3 (8th Cir. May 13, 2005) (citing Federal Rule of Criminal Procedure 32(i)(3) and concluding that "a fact in the PSR not specifically objected to is admitted for purposes of <u>Booker</u>").[2] At the plea hearing, both parties indicated that the ultimate

---

[2]Moreover, the Supreme Court's holding in <u>Cotton</u> establishes that Mondragon-Hernandez's claim would fail on the fourth factor of the <u>Olano</u> test. There, the Supreme Court was faced with the question of whether that factor could be established where the drug quantity for which the defendant was sentenced was omitted from the indictment. The Court held that because the evidence that the

guidelines range would likely reflect the 475-gram quantity referred to in the PSR. Plea Tr. at 11.

The district court did, however, commit <u>Booker</u> error by applying the guidelines as mandatory. <u>See</u> <u>United States v. Pirani</u>, No. 03-2871, slip op. at 8 (8th Cir. Apr. 29, 2005). We held in <u>Pirani</u> that "before we may consider whether to exercise our discretion under the fourth <u>Olano</u> factor to review a forfeited <u>Booker</u> error, the defendant must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." <u>Pirani</u>, slip op. at 11. We require that this be shown in order to satisfy the third factor of the <u>Olano</u> test. Mondragon-Hernandez has made no showing along these lines whatsoever and the record does not suggest that he could do so. Although the sentence imposed was at the bottom of the guidelines range, we have held this to be insufficient to make such a showing. <u>Pirani</u>, slip op. at 12 ("sentencing at the bottom of the range is the norm for many judges, so it is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the <u>Booker</u> error").

The sentence is affirmed.

_____

conspiracy involved at least 50 grams of cocaine base was "overwhelming" and "essentially uncontroverted," it could not conclude that the fairness, integrity, or public reputation of the judicial proceedings had been affected. <u>Cotton</u>, 535 U.S. at 633-34. Given Mondragon-Hernandez's statement at sentencing that he did not dispute the PSR's recitation of drug quantity, the 475-gram amount is more than "essentially uncontroverted."