# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3628

_____

United States of America,    *
            *
    Appellee,   * Appeal from the United States
           * District Court for the District
 v.         * of Nebraska.
            *
Adan Lopez,      *   [UNPUBLISHED]
            *
    Appellant.  *

_____

Submitted: July 23, 2004
Filed: June 17, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Adan Lopez pleaded guilty to possession with intent to distribute fifty grams or more of methamphetamine. Lopez did not object to a statement in the presentence report (PSR) circulated to the parties and the court nearly two months before sentencing that as of that date, he was not eligible for safety valve relief under U.S.S.G. § 5C1.2 because he had not disclosed to the government all information he knew about the offense. See id. § 5C1.2(a)(5). Seven days before the sentencing hearing, the Government conducted the safety valve interview. Before the sentencing hearing, Lopez's attorney discussed the interview with the prosecutor and the prosecutor stated Lopez had not satisfied the disclosure requirement. Sent. Trans. at

10. During the hearing, after Lopez stated there was no reason the district court[*] should not proceed to sentencing, the court declined to reduce Lopez's offense level by two under the safety valve and sentenced Lopez to 87 months in prison. After the district court announced Lopez's sentence, Lopez objected for the first time to the denial of a safety valve reduction. The district court refused to entertain the objection because it was untimely. Lopez appealed and we held the district court did not abuse its discretion in refusing to entertain Lopez's untimely objection. United States v. Lopez, 2004 WL 1418751 (8th Cir. June 25, 2004). On reconsideration, we reject Lopez's unfounded contention that the safety valve reduction was never at issue until he was sentenced. Lopez could have raised the issue at the sentencing hearing before the court proceeded to sentence him, but did not. We thus reaffirm the district court's refusal to entertain the issue.

Lopez also contends for the first time on rehearing that his sentence violates his Sixth Amendment rights because the sentence was based on a drug quantity not found by a jury. See United States v. Booker, 125 S. Ct. 738, 756 (2005)(any fact other than earlier conviction necessary to support a sentence exceeding the facts established by a guilty plea or jury verdict must be admitted by the defendant or found by a jury). The district court sentenced Lopez based on a drug quantity of 614.73 grams of methamphetamine. The PSR recommended holding Lopez responsible for this amount and contained detailed factual allegations specifying drug transactions and individual quantities totaling 614.73 grams. Because Lopez failed to object to the PSR's drug quantity recommendation and related factual allegations, they are deemed admitted by Lopez for purposes of Booker. United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005). Thus, Lopez's Sixth Amendment rights were not violated.

---

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Although the district court mistakenly applied the guidelines as mandatory rather than advisory, see Booker, 125 S. Ct. at 764-66, Lopez raised no objection in the district court, so we review only for plain error. United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc). To establish plain error, Lopez must "show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Id. at 552. The district court sentenced Lopez at the bottom of the guidelines range, but that fact alone is insufficient to show the court would have sentenced Lopez more leniently under an advisory guidelines scheme, and we see nothing else in the record indicating the court deemed Lopez's sentence too harsh. Id. at 553.

Accordingly, we deny the petition for rehearing and reaffirm Lopez's sentence.

_____