# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-2150

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| | * | |
| Justin Joseph Halter, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 14, 2004
Filed: June 20, 2005 (corrected 6/23/05)

_____

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On the second day of his jury trial, without a written plea agreement, Justin Joseph Halter pleaded guilty to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), possessing a firearm during and in relation to drug trafficking, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). During the change-of-plea colloquy, the district

court[1] asked Halter whether, in reaching his decision to plead guilty, he was satisfied with his lawyer's assistance. Halter responded, "Yes, I am." (Trial Tr. at 215.)

Halter later sent a letter to the district court complaining about his lawyer. The district court held a hearing and inquired whether Halter wished to withdraw his guilty plea. Halter expressly declined to withdraw his plea, but he complained that his lawyer had failed to respond to phone calls and letters, had prepared inadequately for trial, had failed to file pretrial motions, and had failed to negotiate a plea agreement. The district court then appointed new counsel for Halter, primarily because Halter had filed an ethics complaint against his original lawyer. (Hr'g Tr. at 4-14.)

At sentencing, the district court adopted the presentence report (PSR) and calculated a Guidelines imprisonment range of 84-105 months for the cocaine and felon-in-possession convictions. The conviction for possessing a firearm during and in relation to drug trafficking carried a mandatory consecutive sentence of 60 months in prison. The district court sentenced Halter to a total of 144 months in prison, structured as two concurrent 84-month prison terms for the cocaine and felon-in-possession convictions, and a consecutive 60-month prison term for the conviction for possessing a firearm during and in relation to drug trafficking. Halter appeals.

First, citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Halter argues that the Sixth Amendment required the district court to submit to a jury two matters which increased his sentence under the Guidelines: drug quantity and the stolen nature of the firearm. Because Halter did not raise a Sixth Amendment objection below, our review is for plain error. See United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc). Further, the remedy prescribed by the United States Supreme Court

---

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

is not to submit Guidelines matters to juries. See United States v. Booker, 125 S. Ct. 738, 757 (2005) (refusing to engraft a jury trial requirement onto the system of mandatory Guidelines, and instead severing and excising statutory sections to render the Guidelines advisory). In any event, we conclude that there was no Sixth Amendment violation in this case because Halter admitted the facts necessary to support the enhancements. See id. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt." (emphasis added)).

Regarding drug quantity, Halter admitted that he was responsible for 102 grams of marijuana and 14.08 grams of cocaine. (PSR Attach.) This admitted drug quantity is sufficient to support the base offense level of 12 he received. Regarding the firearm, Halter did not dispute that it was stolen, but only claimed that he had been unaware that it was stolen. (PSR Attach.) The relevant enhancement "applies whether or not the defendant knew or had reason to believe that the firearm was stolen." U.S. Sentencing Guidelines Manual § 2K2.1, comment. (n.19) (2003). By not objecting to the PSR's statement that the firearm was stolen, Halter admitted that it was stolen, so the two-level enhancement he received on the basis of the stolen nature of the firearm did not violate his Sixth Amendment rights. See United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005).

Second, Halter argues that his original trial counsel was ineffective for failing to assert a violation of the Speedy Trial Act. In a direct appeal, we generally do not consider a claim of ineffective assistance of counsel unless a miscarriage of justice would result or a full record on the issues in controversy has already been developed. See United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004). Halter has not shown that deferring his ineffective-assistance claim to a 28 U.S.C. § 2255 motion would result in a miscarriage of justice, and he acknowledges that the record is not fully

developed on the relevant issues.  (Appellant's Br. at 20.)  Accordingly, we decline to consider the ineffective-assistance claim in this direct appeal.

Accordingly, we affirm the judgment of the district court.

_____