# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2363

_____

United States of America,        *
          *
      Appellee,         *
          *   Appeal from the United States
   v.          *   District Court for the
          *   Western District of Missouri.
Douglas M. Gollhofer,      *
          *
      Appellant.       *

_____

Submitted: March 17, 2005
Filed: June 21, 2005

_____

Before RILEY, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Douglas Gollhofer pleaded guilty to one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (2000). In sentencing Gollhofer, the District Court[1] found that Gollhofer possessed a firearm in connection with another felony offense and enhanced Gollhofer's base offense level by four pursuant to § 2K2.1(b)(5) of the United States Sentencing Guidelines. Gollhofer appeals the enhancement to his sentence, arguing that it violated his Sixth Amendment rights. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

After Gollhofer was sentenced and while his case was pending on appeal, the Supreme Court ruled that the Guidelines ran afoul of the Sixth Amendment to the extent that they required a sentencing judge to impose a sentence based on facts found by the judge but not admitted by the defendant or proved to a jury beyond a reasonable doubt. United States v. Booker, 125 S. Ct. 738, 756 (2005). To remedy this problem, the Court declared the Guidelines "effectively advisory." Id. at 757. Now, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing," together with the other sentencing factors enumerated in 18 U.S.C. § 3553(a). Id. at 767.

Gollhofer argues that his Sixth Amendment rights were violated because the fact underlying the § 2K2.1(b)(5) enhancement to his sentence (that he possessed a firearm in connection with another felony) was neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Because Gollhofer did not challenge the constitutionality of the Guidelines before the District Court, we review for plain error. See United States v. Pirani, 406 F.3d 543, 548 (8th Cir. 2005) (en banc). To obtain relief, Gollhofer must show that the District Court committed error, that the error was plain, and that the error affected Gollhofer's substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). Even if Gollhofer can show these three elements, granting relief is within our discretion, and we will only act if failure to correct the error would result in a miscarriage of justice or would seriously affect the fairness, integrity, or public reputation of judicial proceedings. See id.

We conclude that the District Court committed no Sixth Amendment error in calculating Gollhofer's Guidelines sentencing range. Gollhofer's felon-in-possession charge stems from an incident that occurred on January 26, 2003. The presentence investigation report (PSR) states that on that evening, Gollhofer had a verbal dispute with his neighbor, Jim Erskin. After the dispute, Gollhofer retrieved a rifle from his home and began walking in the direction of Erskin's residence. As he approached Erskin's residence, Gollhofer fired a shot into the air to scare Erskin. Gollhofer then

returned home. Pursuant to this incident, Gollhofer was charged with unlawful use of a weapon in Missouri state court because he exhibited the rifle in an angry or threatening manner in the presence of other persons. The Missouri court convicted Gollhofer of unlawful use of a weapon on September 26, 2003.

Gollhofer did not object to any of the facts presented in the PSR. Federal Rule of Criminal Procedure 32(i)(3)(A) provides that a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." "Therefore, a fact in the PSR not specifically objected to is admitted for purposes of Booker." United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005). By not objecting to the PSR, Gollhofer admitted that he committed another felony offense, namely the unlawful use of a weapon, in connection with his possession of the firearm. The District Court did not violate Gollhofer's Sixth Amendment rights when it enhanced Gollhofer's sentence based on facts that Gollhofer admitted.

The District Court did err, however, in applying the Guidelines as mandatory, rather than advisory. See Pirani, 406 F.3d at 553 ("All sentences imposed by a district court that mistakenly (though understandably) believed the Guidelines to be mandatory contain Booker error."). But to obtain relief, Gollhofer must show that the error affected his substantial rights in that there was a "reasonable probability that, but for Booker error, [he] would have received a more favorable sentence under an advisory guidelines regime." Id.

Gollhofer has an extensive history of felony convictions, which resulted in 22 criminal history points and placed him in criminal history category VI. With the § 2K2.1(b)(5) enhancement to his sentence, which we have held proper, Gollhofer's base offense level was 27, resulting in a Guidelines sentencing range of 168–210 months' imprisonment. The District Court sentenced Gollhofer to 120 months' imprisonment, the statutory maximum. See 18 U.S.C. § 924(a)(2) (2000) (setting maximum sentence); U.S. Sentencing Guidelines Manual § 5G1.1(a) (2003) ("Where

the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). After carefully reviewing the record on appeal, we conclude that Gollhofer cannot demonstrate a reasonable probability that his sentence would have been more favorable had the District Court been operating under advisory Guidelines.

Gollhofer's sentence is affirmed.

_____