# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2024

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| James Robert Rockenback, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 10, 2005
Filed: June 27, 2005

_____

Before MURPHY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

James Robert Rockenback pleaded guilty to aiding and abetting attempted carjacking in violation of 18 U.S.C. §§ 2119 & 2. Specifically, the plea agreement stated Rockenback, aiding and abetting Che Romero and with the intent to cause serious bodily harm, attempted to take a motor vehicle from Danielle Taylor by force, violence, and intimidation. The district court[*] sentenced Rockenback to seventy-eight months in prison. Rockenback appeals his sentence. We affirm.

---

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

According to the presentence report (PSR), Rockenback and Che Romero tried to rob a diamond store by abducting and carjacking the store's owner at gunpoint. When the owner escaped, the men forced their way into Taylor's apartment to evade police. Rockenback disabled Taylor's phone, took Taylor's car keys, and left the apartment. Police found Rockenback hiding in Taylor's car and arrested him. After police surrounded Taylor's apartment and Romero surrendered, police recovered Romero's gun from Taylor's apartment and found a semiautomatic handgun in the rental vehicle driven by Romero and Rockenback. Rockenback did not object to these facts in the PSR.

At sentencing, the district court began with a base offense level of 20, see U.S.S.G. § 2B3.1(a)(2003), which the parties had agreed on in the written plea agreement, then added five levels because a firearm was brandished or possessed during the offense, see id. § 2B3.1(b)(2)(C), four levels because a victim was abducted to facilitate the offense or escape, see id. § 2B3.1(b)(4)(A), and two levels because the offense involved carjacking, see id. § 2B3.1(b)(5). The district court declined to decrease Rockenback's offense level for having a minor role in the offense, see id. § 3B1.2(b), and for merely attempting to commit the offense, see id. § 2X1.1(b)(1), but did decrease Rockenback's offense level by three for acceptance of responsibility, see id. § 3E1.1. Except for the acceptance of responsibility reduction, each of the enhancements and reductions were specified in the plea agreement as disputed by the parties. Because Rockenback had a criminal history category of I, his sentencing range under the guidelines was seventy-eight to ninety-seven months. The district court sentenced Rockenback at the low end of the range.

Rockenback asserts for the first time on appeal that his sentence violates the Sixth Amendment because his sentence enhancements were based on facts that were not admitted by him or found by a jury beyond a reasonable doubt. See United States v. Booker, 125 S. Ct. 738, 756 (2005). In responding to the PSR, however, Rockenback did not challenge the fact that Romero brandished a gun and abducted

Taylor, but simply made a legal argument that he should not receive the corresponding enhancements because he did not commit the acts himself. Likewise, at sentencing, Rockenback made no objections to the facts related to the sentencing enhancements. Thus, the district court adopted the facts in the PSR and applied the enhancements to Rockenback because he was legally responsible for Romero's acts under U.S.S.G. § 1B1.3(a)(1)(B). By failing to specifically object to the facts in the PSR, Rockenback admitted the facts supporting the enhancements for the purposes of <u>Booker</u>. <u>United States v. McCully</u>, 407 F.3d 931, 933 (8th Cir. 2005). Thus, there was no Sixth Amendment violation. <u>Id.</u>

Rockenback next asserts that because he only pleaded guilty to attempted carjacking, the district court should have reduced his sentence for mere attempt under § 2X1.1(b)(1). The § 2X1.1(b)(1) reduction does not apply, however, when "the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." Rockenback admits that after he and Romero forced their way into Taylor's apartment, he took Taylor's keys from her counter, left the apartment, and got into her car. As the Government notes, a defendant may commit a carjacking without actually taking a car when the victim is not in the car. <u>See</u> <u>United States v. Boucha</u>, 236 F.3d 768, 775-76 (6th Cir. 2001). Here, Rockenback had completed the acts necessary to take control of the car from Taylor, and was waiting for Romero in the car when police found and arrested him. The arrest of Rockenback prevented the men from leaving in Taylor's car. Under the circumstances, we conclude the district court properly declined to reduce Rockenback's sentence for mere attempt.

Rockenback also argues the district court should have reduced his offense level for his minor role in the offense under § 3B1.2(b). We review the district court's finding that Rockenback did not play a minor role in the attempted carjacking for clear error. <u>United States v. Johnson</u>, 408 F.3d 535, 538 (8th Cir. 2005). To decide whether a defendant should receive a reduction for minor role, the court compares the

acts of each participant in relation to the relevant conduct and measures each participant's acts and culpability against the offense's elements. Id. at 538-39. Here, Rockenback committed most of the acts relevant to the attempted carjacking. After disabling Taylor's telephone, Rockenback took Taylor's car keys, left her apartment, found her car, and entered it. We cannot say the district court committed clear error in finding Rockenback's role was not minor.

Last, we note the district court committed plain error in applying the sentencing guidelines as mandatory rather than advisory, but we need not remand for resentencing because Rockenback has not shown a reasonable probability that the district court would have imposed a lighter sentence under an advisory guideline scheme. McCully, 407 F.3d at 933. Rockenback's sentence at the bottom of the range is not enough in itself to make the required showing. Id.

We thus affirm Rockenback's sentence.

_____