# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3048

———————

United States of America,       \*

                 \*

       Appellee,        \*

                 \*   Appeal from the United States

   v.                \*   District Court for the

                 \*   Southern District of Iowa.

Adrian Perez-Ramirez,       \*

                 \*

       Appellant.      \*

———————

Submitted: June 20, 2005
Filed: July 20, 2005

———————

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

———————

BOWMAN, Circuit Judge.

Adrian Perez-Ramirez appeals from the sentence imposed by the District Court[1] following his guilty plea to the offense of illegal re-entry after deportation. <u>See</u> 8 U.S.C. § 1326(a) (2000). We affirm.

Perez-Ramirez argued at sentencing that the United States Sentencing Guidelines were unconstitutional in light of the Supreme Court's holding in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). He therefore preserved an appeal of his

———————

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

sentence under the Supreme Court's holding in United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

The District Court increased Perez-Ramirez's offense level by sixteen levels after finding he had been deported following a felony conviction for a crime of violence. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2003). The facts underlying this enhancement were included in the Presentence Investigation Report (PSR), and Perez-Ramirez did not object to their inclusion. Consequently, he is deemed to have admitted those facts, and the resulting enhancement did not violate the Sixth Amendment.[2] See United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005) (citing Fed. R. Crim. P. 32(i)(3)). Nevertheless, a Booker error occurred because the District Court sentenced Perez-Ramirez using the mandatory, pre-Booker guidelines, Pirani, 406 F.3d at 550, and we must decide whether to remand for resentencing.

If preserved for appellate review, as here, a non-constitutional Booker error is to be disregarded as harmless unless there is grave doubt as to whether the defendant would have received a more favorable sentence under an advisory guidelines system. See United States v. Storer, No. 04-2868, slip op. at 6–7 (8th Cir. June 30, 2005). As the beneficiary of the Booker error, the government bears the burden of demonstrating that no such grave doubt exists and thus the error is harmless.[3] Id. at 6.

---

[2]Our holding would not change had Perez-Ramirez objected to the PSR's inclusion of the facts underlying the sentencing enhancement pursuant to § 2L1.2(b)(1)(A)(ii). That enhancement was based on "the fact of [a] prior conviction" and therefore did not implicate the Sixth Amendment under Booker. United States v. Garcia-Ramirez, No. 04-1131, slip op. at 2 (8th Cir. May 24, 2005) (unpublished) (citing Booker, 125 S. Ct. at 756); accord United States v. Phillips, No. 04-13720, slip op. at 9 (11th Cir. June 22, 2005).

[3]Because the government submitted its arguments before the Booker decision was issued, we look to the record to see if it would support this contention.

There is nothing in the record that gives this Court a grave doubt as to whether Perez-Ramirez would have received a more favorable sentence absent the Booker error. At sentencing, the District Court acknowledged that it had discretion to depart downward two levels from Perez-Ramirez's offense level based on cultural assimilation, but instead the court departed downward only one level. The District Court also sentenced Perez-Ramirez to forty-three months in prison, exceeding by two months the low end of Perez-Ramirez's calculated guidelines range, which was forty-one to fifty-one months. The District Court left unused some of its discretion to sentence Perez-Ramirez to a more favorable sentence under the mandatory, pre-Booker guidelines, and there is no indication the District Court would have imposed a more favorable sentence under the now-advisory guidelines. The Booker error therefore was harmless. In addition, Perez-Ramirez's sentence of forty-three months, which resulted from a correct application of the guidelines and fell within the calculated sentencing range, was reasonable in light of the sentencing factors listed in 18 U.S.C. § 3553(a) (2000). See Booker, 125 S. Ct. at 765–66.

We affirm.

_____