# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 03-3944

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Rodney Allen Brown, | * | Southern District of Iowa |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

————————

Submitted: July 26, 2005
Filed: August 19, 2005

————————

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

————————

PER CURIAM.

Rodney Brown (Brown) appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa after a jury found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Brown to 57 months imprisonment and 2 years supervised release. On appeal, counsel initially moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing (1) that the evidence was insufficient to support the jury's verdict, and (2) that the district court erred in imposing an

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

enhancement for obstruction of justice because the court did not make an independent finding of perjury. We subsequently granted counsel leave to file a supplemental brief in light of Blakely v. Washington, 542 U.S. 296 (2004). In the supplemental brief, counsel argues that Brown's sentence is plainly erroneous because he received enhancements based on the firearm being stolen and for obstruction of justice, those enhancements were not found by a jury, and they affected his Guidelines range. While this appeal was pending, the Supreme Court decided in United States v. Booker, 125 S. Ct. 738 (2005), that the Sentencing Guidelines are advisory rather than mandatory. For the reasons discussed below, we affirm the judgment of the district court.

First, we find the evidence amply supports the jury's verdict. See United States v. Ramirez, 350 F.3d 780, 783 (8th Cir. 2003) (court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in favor of government and accepting all reasonable inferences that support jury's verdict). Police officers responding to a report of shots being fired spotted Brown hiding underneath a deck at a nearby house. Two officers testified that they saw a gun in Brown's hand, and a third testified that although he could not see Brown's hands, Brown had moved his hand over his head before showing his hands. The jury was free to credit the officers' testimony over Brown's testimony. See United States v. Aguilar-Portillo, 334 F.3d 744, 747 (8th Cir. 2003). Brown did not dispute that he had a prior felony conviction or that the gun had been transported in interstate commerce. See United States v. Jones, 266 F.3d 804, 813 (8th Cir. 2001) (elements of felon-in-possession offense).

As to the sentence, this court continues to review de novo the interpretation and application of the Guidelines provisions after Booker. See United States v. Ziesman, 409 F.3d 941, 955 (8th Cir. 2005). We find the court sufficiently indicated that it had made an independent finding that Brown testified falsely, because the court referred

to "the findings that I make" in connection with the court's conclusion that Brown's testimony was false. See id. at 956.

We review for plain error Brown's claims based on Booker, as Brown did not make any arguments in the district court to preserve these issues. See United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc). We find no error in the enhancement based on the fact that the firearm was stolen, as Brown admitted that fact at sentencing. See United States v. Halter, No. 04-2150, 2005 WL 1421686, at **1-2 (8th Cir. June 20, 2005) (per curiam) (defendant admitted gun was stolen by failing to object to that statement in PSR, so enhancement he received on that basis did not violate Sixth Amendment); U.S.S.G. § 2K2.1, comment. (n.19) (2003) (stolen-gun enhancement "applies whether or not the defendant knew or had reason to believe that the firearm was stolen"). While it was error for the district court to sentence Brown under mandatory Guidelines, and the error was plain, it did not affect Brown's substantial rights, as he has not shown a reasonable probability that, but for the error, he would have received a more favorable sentence. See Pirani, 406 F.3d at 553. Further, we find no basis to exercise our discretion to remand for resentencing. See Johnson v. United States, 520 U.S. 461, 467 (1997).

Following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the sentence, and we grant counsel's motion to withdraw.

_____