# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1435

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| Antonio Jose Alonzo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 6, 2005
Filed: September 12, 2005

_____

Before ARNOLD, FAGG, AND SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found Antonio Jose Alonzo guilty of conspiring to distribute and possess with intent to distribute a detectable amount of marijuana and more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. The district court[*] sentenced him to life in prison and 10 years supervised release. On appeal, counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. Alonzo was granted leave to file a pro se

_____

[*]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

supplemental brief, but he did not do so. We address counsel's eight arguments in the order he presents them, and we affirm Alonzo's conviction and sentence.

First, the evidence is sufficient to support Alonzo's conviction despite consisting largely of testimony by coconspirators testifying under plea agreements, a fact made known to the jury. See United States v. Tensley, 334 F.3d 790, 793-95 (8th Cir. 2003). Second, it was not a double jeopardy violation for Alonzo to be prosecuted at the federal level after being tried for the same conduct at the state level. See United States v. Leathers, 354 F.3d 955, 959-60 (8th Cir.), cert. denied, 125 S. Ct. 285 (2004). Third, the district court did not violate the Sixth Amendment by making drug-quantity findings beyond the 500 grams or more of methamphetamine mixture found by the jury: Alonzo's sentence is the mandatory statutory minimum for an offender with two prior felony drug convictions whose instant offense involved 500 grams or more of methamphetamine mixture. See 21 U.S.C. § 841(b)(1)(A)(viii). Fourth, claims of ineffective assistance of trial counsel should be raised, if at all, in a motion under 28 U.S.C. § 2255. See United States v. Halter, 411 F.3d 949, 951 (8th Cir. 2005) (per curiam).

Fifth, the admission of an audiotape containing statements made by Alonzo's wife to a confidential informant during a controlled buy did not violate the marital privilege. See United States v. Espino, 317 F.3d 788, 795-96 (8th Cir. 2003); United States v. Evans, 966 F.2d 398, 401 (8th Cir.), cert. denied, 506 U.S. 988 (1992). Sixth, reversal is not warranted for a due process violation under the cumulative-error doctrine. See United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000). Seventh, the record contains no suggestion that the warrant to search Alonzo's apartment and seize items found there was invalid. Eighth, given the jury's verdict, it follows there was probable cause to prosecute Alonzo. See United States v. Mechanik, 475 U.S. 66, 67 (1986).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and finding no nonfrivolous issues, we affirm Alonzo's conviction and sentence, and we grant counsel's motion to withdraw.

_____