# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3476

_____

United States of America,             *

                                      *

           Appellee,      *    Appeal from the United States

                                        *    District Court for the Eastern

    v.                       *    District of Missouri.

                                        *

Clifford H. Blount, Jr.,      *       [UNPUBLISHED]

                                        *

           Appellant.     *

_____

Submitted: November 4, 2005
Filed: November 9, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found Clifford H. Blount, Jr. guilty of being a felon in possession of a firearm, and Blount appeals his conviction and the 188-month sentence imposed by the district court. On appeal, counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and moved to withdraw. Blount has filed a pro se supplemental brief, arguing his sentence violates <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and his counsel was ineffective. We affirm Blount's conviction, but remand for resentencing.

The evidence at trial established Blount, who stipulated to having a prior felony conviction, was arrested under an outstanding warrant during a routine safety inspection of the commercial vehicle he was driving. A firearm was found in the vehicle. After the jury verdict, Blount did not dispute the presentence report's enumeration of his three earlier burglary convictions and another conviction for aggravated sexual battery, which resulted in a statutory prison term of 15 years (180 months) to life under 18 U.S.C. § 924(e)(1), an enhanced base offense level under U.S.S.G. § 4B1.4(b)(3)(B), and a Guidelines imprisonment range of 188-235 months. At the sentencing hearing, the district court sentenced Blount to 188 months imprisonment and 3 years supervised release, but plainly stated it would have imposed a more lenient prison term were it not for the mandatory nature of the Guidelines.

We reject counsel's contention that Blount was effectively denied his right to testify. Blount advised the court he did not wish to testify after possible negative consequences were explained to him, including potential perjury charges or an obstruction-of-justice enhancement. Cf. Frey v. Schuetzle, 151 F.3d 893, 898-99 (8th Cir. 1998) (affirming denial of right-to-testify claim where defendant consented to advice not to testify). Blount also raises claims of ineffective assistance of counsel, but these are not properly before us in this direct criminal appeal. See United States v. Halter, 411 F.3d 949, 951 (8th Cir. 2005) (per curiam).

The record, however, establishes plain Booker sentencing error. See United States v. Pirani, 406 F.3d 543, 550, 553 (8th Cir. 2005) (en banc) (standard of review where defendant did not raise appropriate objection in district court; applying four-factor test of United States v. Olano, 507 U.S. 725, 732-36 (1993)), cert. denied, 74 U.S.L.W. 3210 (U.S. Oct. 3, 2005) (No. 05-5547). The Booker error is plain, see Pirani, 406 F.3d at 550, 553 ("All sentences imposed by a district court that mistakenly (though understandably) believed the Guidelines to be mandatory contain Booker error."), and the sentencing court's statements establish a reasonable

probability Blount would have received a more favorable sentence but for the court's treatment of the Guidelines as mandatory, see id. at 552. The district court explicitly stated it would have given Blount a lower sentence if the court had not been constrained by the Guidelines. Although the district court may be limited by the statutory minimum, we grant discretionary relief, see United States v. Ryder, 414 F.3d 908, 919-20 (8th Cir. 2005), because there is room to impose a sentence of less than 188 months, and the district court plainly stated it preferred to do so.

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found, other than the Booker issue, no nonfrivolous issues appropriate for direct review. Accordingly, we affirm Blount's conviction, but vacate his sentence and remand for resentencing. Counsel's motion to withdraw is denied.

_____