# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2325

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Adam Bates,　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　　 *

_____

Submitted: November 15, 2005
Filed: February 21, 2006

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Adam Bates appeals the 10-month sentence the district court[1] imposed after he pleaded guilty to obstruction of justice, in violation of 18 U.S.C. § 1503. Bates's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Counsel raises as a potential issue whether the district court abused its discretion by failing to grant Bates's request for a sentence below the Guidelines range and thereby imposed an unreasonable sentence. Bates was granted leave to file a pro se supplemental brief, but he did not do so. The government has moved to dismiss for

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

lack of jurisdiction arguing that this court cannot review for reasonableness sentences imposed within the advisory Guidelines.

After *United States v. Booker*, 125 S. Ct. 738 (2005), we review for unreasonableness a sentence that is within the advisory Guidelines range; therefore, we reject the government's argument that we lack jurisdiction to entertain this appeal. *See United States v. Mickelson,* 433 F. 3d 1050, 1052-55 (8th Cir. 2005)*; United States v. McCully*, 407 F.3d 931, 934 n.2 (8th Cir.), *cert. denied*, 126 S. Ct. 305 (2005); *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005).

As to counsel's arguments we conclude that the denial of Bates's request for a sentence below the Guidelines range is unreviewable to the extent that it challenges the district court's discretionary decision not to depart downward under the advisory guidelines. *See Frokjer,* 415 F. 3d at 875. To the extent that the denial of Bates's request for a sentence below the guidelines range is based on 18 U.S.C. § 3553(a), then it is reviewable. *See Michelson,* 433 F. 3d at 1054.

Because the district court sentenced Bates within the applicable Guidelines range and considered the sentencing factors in § 3553(a), we conclude that the sentence is not unreasonable. *See Booker*, 125 S. Ct. at 765-66 (appellate courts should review post-*Booker* sentences for reasonableness, using factors in § 3553(a) to guide their determination); *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir. 2005) (sentence within Guidelines range "is presumptively reasonable").

Having reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, deny the government's motion to dismiss, and affirm.

_____