# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 05-2443

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| Nathaniel Love, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: April 7, 2006
Filed: April 19, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Nathaniel Love challenges the sentence imposed by the district court[1] after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Love to 70 months imprisonment and three years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Love has filed supplemental briefs and motions seeking appointment of counsel, and copies of the full record and the evidence against him.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Counsel argues that Love's 70-month prison sentence is too harsh for the crime. To the extent this is intended to be an Eighth Amendment challenge, we reject it. See United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to crime); cf. United States v. Johnson, 22 F.3d 674, 682-83 (6th Cir. 1994) (15-year sentence on basis of prior convictions was not grossly disproportionate to felon-in-possession offense). We also conclude that the sentence is not unreasonable. See United States v. Haack, 403 F.3d 997, 1003 (8th Cir.) (abuse-of-discretion standard of review), cert. denied, 126 S. Ct. 276 (2005); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable, and defendant must rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005).

In his pro se materials, Love argues that counsel was ineffective in various ways, but these ineffective-assistance claims are not properly raised in this direct criminal appeal. See United States v. Halter, 411 F.3d 949, 951 (8th Cir. 2005) (per curiam) (this court generally requires ineffective-assistance claims to be raised in 28 U.S.C. § 2255 motion unless record has been fully developed or miscarriage of justice would result). To the extent Love is seeking to set aside his plea as involuntary, he is required to first present the claim to the district court, see United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim of involuntary guilty plea must first be presented to district court, and is not cognizable on direct appeal), and even if he had, his allegations that counsel misled him into accepting the plea are insufficient to justify withdrawal of his plea as involuntary, see United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam) (defendant's reliance on attorney's mistaken impression about length of sentence is insufficient to render plea involuntary as long as court informed defendant of maximum possible sentence).

Love also contends that the firearm at issue was inoperable, and that he never pointed it at anyone. Even if true, these contentions do not undermine the factual basis for his plea, see United States v. Maddix, 96 F.3d 311, 316 (8th Cir. 1996);

United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996), and for purposes of sentencing, the district court was entitled to rely on the unobjected-to hearsay statement of two persons (as reported in the presentence report) that Love pointed the gun at them, see United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005).

Finally, our review of the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), persuades us that there are no other nonfrivolous issues. Accordingly, we affirm the sentence and conviction. We also deny Love's pending motions, and we grant counsel's motion to withdraw.

_____