# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1422

_____

United States of America,            *
                                     *

          Appellee,          *
                                     *   Appeal from the United States

       v.                  *   District Court for the
                                   *   District of Minnesota.

Tony Ever Salas-Pineda,        *

                                     *   [UNPUBLISHED]

          Appellant.        *

_____

Submitted: February 1, 2007
Filed:  February 7, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Tony Salas-Pineda ("Salas") pled guilty to illegally re-entering the United States after he was deported for an aggravated felony – a Minnesota drug trafficking offense – in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court[1] imposed a sentence of 46 months' imprisonment. On appeal, Salas argues the enhanced sentencing provisions of section 1326(b) violate the Fifth and Sixth Amendments, because a defendant's sentence is enhanced based on a prior conviction, which is a fact that must be pleaded in an indictment and proven beyond a reasonable doubt.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

We reject Salas's claims.  Salas's prior conviction was specifically alleged in the indictment to which he pleaded guilty, thus eliminating any potential issue under the Fifth Amendment.  Salas also admitted in his unconditional plea agreement that he had a prior conviction for an aggravated felony, thus satisfying any Sixth Amendment concerns.  See United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005).  Moreover, as Salas concedes, even absent the specific allegation in the indictment and the admission in the plea agreement, his argument fails under Almendarez-Torres v. United States, 523 U.S. 224 (1998), which remains good law.  See United States v. Levering, 431 F.3d 289, 295 (8th Cir. 2005), cert. denied, 126 S. Ct. 2366 (2006); United States v. Raya-Ramirez, 244 F.3d 976, 977 (8th Cir. 2001).

Accordingly, we affirm.

_____